## National Fire Insurance Company of Hartford, Connecticut v. Pinnell.

(Decided June 5, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1. Insurance—Company Must Act with Reasonable Promptness to Obtain Arbitration.—The clause of a fire insurance policy providing for arbitration of a claim for loss is one in favor of the insurance company, and to entitle it to such arbitration it must act with reasonable promptness and in good faith.

2. Insurance—Delay in Reaching Arbitration Agreement Held to Authorize Suit.—Where a fire insurance policy provided for an arbitration of losses as a condition precedent to suit on the policy, but the parties had endeavored for several months to reach an arbitration agreement, each submitting to the other articles of such agreement, which the other declined to approve, the insured was entitled to bring an action to recover his loss on the ground that he had made a good-faith attempt to comply with the arbitration clause without success.

GORDON & LAURENT and FRANK M. DRAKE for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellee, Pinnell, on the 24th of February, 1919, purchased an Indiana two-ton truck, number 6615, at the price of $2,943.00. On the same day he took out fire insurance on this machine. The policy was issued for $3,000.00 and was to run from noon on the 24th of February, 1919, to noon on the 24th of February, 1920, the premium being $52.50, which was paid in cash. On the same day he sent the truck to the repair shop of one Thomas, who was to build a new bed for it. These repairs were to cost something more than $100.00. While the car was in the

shop on the night of February 25th the shop took fire and destroyed the truck. On the 26th of February the insurance company took charge of the salvage and moved it to a garage so that an expert could examine it and find its value. The insured gave notice promptly of the fire and the destruction of the truck, although the insurance company waived notice. He also made proofs of the destruction of the truck. The salvage was estimated to be of the value of about $500.00. The policy of insurance contained a clause providing for arbitration in case of loss, which clause reads:

"In event of loss or damage the assured shall forthwith give notice thereof in writing to this company or the authorized agent who issued this policy, and shall protect the property from further loss or damage; and within sixty days thereafter, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of the loss or damage, the interest of the assured and of all others in the property; and the assured, as often as required, shall exhibit to any person designated by this company all that remains of any property herein described, and submit to examination under oath by any person named by this company, and subscribe the same; and, as often as required, shall produce for examination all books of account, bills, invoices, and other vouchers, or certified copies thereof if originals be lost, at such reasonable place as may be designated by this company or its representatives, and shall permit extracts and copies thereof to be made.

"It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to the company within sixty days of the date of loss (unless such time is extended in writing by the company) shall render such claim null and void.

"APPRAISAL. In the event of disagreement as to the amount of loss or damage the same must be determined by competent and disinterested appraisers before recovery can be had hereunder. The assured and this company shall each select one, and the two so chosen shall then select a competent and disinterested umpire. Thereafter the appraisers together shall estimate and appraise the loss or damage, stating separately sound value and damage, and failing to agree, shall submit their differ-

ence to the umpire, and the award in writing of any two shall determine the amount of such loss or damage; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire.''

Both the company and the insured were apparently willing to arbitrate the matter according to the terms of the policy, and each prepared and tendered to the other on different occasions articles of arbitration and sought the signature of the opposing party but neither would sign or agree to the articles prepared by the other. This went on for some time. Each objected to the qualifications of the arbitrators nominated by the opposing party, and of course no umpire could be agreed upon. After trying for several months to arbitrate the matter the plaintiff instituted this action against the insurance company to recover $3,000.00 on the policy and $48.75 of the premiums which had been paid by the insured to the company. A general demurrer was overruled to the petition and the company filed its answer, the first two paragraphs of which contain denials of the averments of the petition. The third paragraph pleaded the arbitration clause of the policy and averred that the insured did not file proofs of the loss in conformity with the terms of the policy, and that the proofs which appellee did file did not state the cash valuation of the truck at the time it was damaged nor the extent of the damage sustained by the machine on account of the fire. It then set forth that it had on one or more occasions demanded arbitration of the claim and that appellee had declined to arbitrate. The fourth paragraph of the answer averred that the policy contract contained a clause reading in part:

''This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with materials of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or if they differ, then by appraiser as hereinbefore provided.''

In the event of disagreement as to the amount of loss, the answer avers the same shall, as above provided, be

ascertained by two competent and disinterested appraisers, the insured and this company selecting one each, and the two so chosen shall first select a competent disinterested umpire, appraise the damage, make an award in writing and determine the amount of the loss. The answer then avers that the defendant company acting in good faith tried to bring about a compromise of the claim of the appellee. To the answer is attached a copy of the articles prepared and offered by the company, providing for the submission of the controversy to arbitration.

A reply was filed making issue upon the several points raised in the answer. To the reply is attached proposed articles of arbitration prepared by the appellee but which articles were refused by the company.

The trial court in an able opinion reached the conclusion that both parties were acting in good faith at the time they prepared and offered the articles of arbitration. It further found that as the contending parties did not understand the terms of the compromise agreement in the policy to mean the same thing and were therefore unable to reach an agreement by which to compromise and settle the claim that the plaintiff had a right to institute the present action to enforce his claim after having made a reasonable effort to obtain a compromise. The clause in the policy providing for arbitration is one in favor of the insurance company, and we have held in more than one case that to entitle such a party to arbitration he must act with reasonable promptness and in good faith; if he does not do so he is not entitled to arbitration. In the case of Continental Insurance Co. v. Vallandingham, &c., 25 Ky. Law Rep. 472, we held the compromise clause in the policy was inserted for the protection of the insurer. The opinion then says: "The courts have allowed and encouraged it as an inexpensive and not unjust check upon the danger of overvaluation and fraud by dishonest insured property holders, who have sustained loss by fire. But the insurer will not be permitted to misuse this clause oppressively, or in bad faith." The text book writers state the rule similarly. It is a further rule of general recognition that where the parties to an arbitration make a reasonably good faith effort to compromise and fail to do so, the arbitration may be voided by either of them commencing an action for the settlement of the controversy, but such action cannot be main-

tained until the party has by good faith effort on his part found it impossible to arbitrate. 5 Corpus Juris, pp. 76, 77, etc.

The parties to this action were in exactly this position at the time of the commencement of this suit. They had been trying to settle their dispute from February 6th until some time in June without success. Despairing of success appellee brought this action against the company on the insurance policy and recovered a verdict for $2,443.00. The salvage was reckoned at about $500.00. The evidence appears to fully sustain this verdict and there is no substantial error in the instructions given by the trial court. For these reasons the judgment is affirmed.

Judgment affirmed.