## Twin City Fire Insurance Company v. Wilson.

(Decided May 31, 1927.)

### Appeal from Christian Circuit Court.

1. Insurance.—Where insured, after fire, at direction of insurance agent, had a contractor estimate the loss and returned such estimate to the agent who assured him that the matter would be

arranged, and no further suggestion was made as to proofs of loss, the insured might reasonably conclude that all required proofs were furnished and further proofs held waived.

2. Insurance.—Where insured prepared and signed a deed to property according to a verbal agreement but later destroyed the deed after sale was abandoned, held that there had been no change in the title, interest, or possession of the property so as to prevent recovery under fire insurance policy.

BREATHITT & BREATHITT and GORDON & LAURENT for appellant.

S. Y. TRIMBLE and W. H. SOUTHALL for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The Twin City Fire Insurance Company issued a policy to Oscar M. Wilson, insuring his dwelling house, smokehouse, and stock barn in the sum of $950. The property was destroyed by fire and this action was brought by him against it to recover on the policy. Judgment was entered in his favor, as prayed by him; the defendant appeals.

The answer set up the following defenses: (1) The plaintiff did not file proofs of loss with defendant. (2) There was a change in the title, interest, and possession of the property. (3) The property had been vacated for more than ten consecutive days before the fire.

1. The proof on the trial is uncontradicted that after the fire Wilson promptly notified the agent of the company and was directed to have a contractor make an estimate of the value of the buildings. This he did at an expense of $20, and promptly returned the estimate to the agent, which showed a loss double the amount of the policy. The agent then told him that as soon as an adjuster came the matter would be arranged. Although there were a number of subsequent conferences between him and the agent and one between him and the adjuster, no suggestion was made that he should furnish further proofs of loss. The paper he furnished was furnished at the direction of the company and on the idea that that was all that was required. The conduct of the agent was clearly a waiver of any other proof of loss. The circuit court properly so held, there being no substantial conflict in the evidence.

2. Wilson was sheriff of the county and lived at the county seat. He had a tenant named Duke living on the property. Previous to January, 1925, he had made a

verbal agreement with the tenant to sell him the property on certain terms, one of which was that he should pay down $300. Expecting the tenant to comply with this agreement, Wilson had a deed prepared, which he signed and acknowledged but did not deliver to Duke. He kept it in his possession and when Duke failed to raise the $300, the deed which had not been delivered or accepted was destroyed. He then rented the property to Duke for another year for $100, which Duke paid in March. The property was burned the following July; there had been no change in the title, interest, or possession of the property, and the circuit court properly so held.

"A delivery is essential to the validity of the deed. 8 R. C. L. 973.

"An estate cannot be thrust upon a person against his will." 8 R. C. L. 975.

"A verbal contract for the sale of land is not legally obligatory upon either party, until some writing evidencing the sale, and sufficient to take the contract out of the operation of the statute of frauds, is executed by the vendor and accepted by the purchaser." Curnutt v. Roberts, 11 B. Mon. 42; Duteil v. Mullens, 192 Ky. 616, 234 S. W. 192, 20 A. L. R. 361, and cases cited.

3.   There was some evidence offered by the defendant showing that the premises were vacated for 10 days before the fire, so this question was submitted by the court to the jury. The verdict of the jury is supported by the great weight of the evidence, which was that Duke and his family were living in the house and left it the evening before the fire, for temporary purposes. The fire occurred that night during their absence.

Judgment affirmed.