## Home Insurance Company of New York v. Porter, et al.

(Decided June 27, 1928.)

### Appeal from Graves Circuit Court.

1. Insurance.—It is not competent by proof of usage to vary terms of the policy itself.

2. Insurance.—Instruction that, if insurer's adjuster instructed insured to make up proof of loss or list of things lost in fire and to deliver it to insurer's agent, and that insured did so within 60 days, or offered to do so, the insured could recover, thereby submitting an issue made by pleadings, held proper.

3. Trial.—Instruction that, if insurer's agent told insured that insurer's adjuster would settle their loss, and that it was not necessary for insured to do anything else, and thereby led insured to believe they would not have to furnish any other proof of loss, and that this happened within 60 days required for furnishing proof of loss, insured could recover, thereby submitting an issue not made by the pleadings, held erroneous.

GORDON & LAURENT, T. M. GALPHIN, JR., and J. E. WARREN for appellant.

HOLIFIELD, GARDNER & McDONALD for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The Home Insurance Company seeks by this appeal to reverse an $850 judgment recovered against it on a policy of insurance by J. H. and Joanner Porter, whom we shall refer to as the plaintiffs.

The insured property burned between 7 and 8 o'clock on the evening of July 7, 1925. When plaintiffs sued on this policy, the company by its answer pleaded that the policy contained a provision that, if proof of loss was not furnished within 60 days after the fire, all claims under the policy were forfeited. This 60-day clause so pleaded is very similar to the clause pleaded in the case

of Staples v. Continental Insurance Co. 223 Ky. 842, 5 S. W. (2d) 265, and Continental Insurance Co. v. Turner, 222 Ky. 608, 1 S. W. (2d) 1063. At first the plaintiffs merely traversed this answer, but just before the trial they filed an amended reply in which they sought to avoid the forfeiture of this policy for failing to furnish proof of loss within 60 days by alleging that, within 3 days after the fire occurred, one A. S. Jones, an adjuster representing the defendant company, came to the premises, looked over the scene, and told the plaintiffs to prepare and deliver a statement in writing of their loss and damage to W. W. Robertson, the local agent of the company at Mayfield, Ky., and that they did, within 60 days, prepare a detailed statement of the loss and presented it to Robertson, who declined to receive it. They further pleaded in this amended reply that it was the universal custom of the defendant company, in its fire insurance business in Graves county, to permit its local policy holders to verbally report, to the local agent, their losses, and that such local agents would notify the company and assist in making proof of loss. It is not competent by proof of usage to vary the terms of the policy itself. See 26 C. J. 78.

After the evidence had been heard, the court gave to the jury an instruction to find for the defendant, unless they should believe from the evidence that after the fire the defendant's adjuster A. S. Jones instructed the plaintiffs to make up a proof of loss or list of things lost in the fire, and deliver it to the agent Robertson, and that, if they did so, within 60 days, or offered so to do, then the jury should find for the plaintiffs. This much of this instruction submitted to the jury an issue made by the pleadings, and was correct; but the instruction continued, and further said to the jury that, if they believed the agent Robertson told the plaintiffs that the defendant's agent Jones would come and settle their loss, and it was not necessary for them to do anything else in the matter, and that, by reason thereof, the plaintiffs were led to believe they would not have to furnish any other proof of loss, and that this happened within 60 days, then the law is for the plaintiffs, and the jury should so find. The latter part of this instruction submitted to the jury an issue not made by the pleadings, and was therefore erroneous. Not only is there no charge in the pleading that Robertson gave any such assurance to the plaintiffs, but, on the contrary, it is speci-

fically charged by the plaintiffs in their amended reply that Robertson not only refused to receive this statement of loss, but gave no further instructions regarding the preparation of that proof, or concerning any other thing that these plaintiffs should do relative to adjusting and settling the loss, and made the specific charge that it was the adjuster—that is, A. S. Jones—that kept assuring the plaintiffs that this loss would be adjusted and paid.

The judgment is reversed.