## Royal Exchange Assurance of London, England, Inc., v. Collins.

(Decided October 11, 1929.)

32

DYSARD & MILLER for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Marion Collins, the husband of the appellee, Mollie Collins, owned a house and lot located on Greenup avenue in Ashland, Ky. In February, 1925, he took out a policy of insurance on the furniture in the house with appellant company for $2,000. Thereafter he was convicted in the federal court of a violation of the prohibition law, and sentenced to a term of imprisonment in the federal penitentiary at Atlanta, Ga. He conveyed the house and lot to his brother-in-law, and gave the furniture to his wife.

On June 5, 1925, appellant, through its local agent, L. E. Sleet, issued to Mollie Collins a policy of insurance on the furniture in the house insuring it in the sum of $2,000. On June 16, 1925, Marion Collins left for Atlanta, Ga., in the custody of the United States marshal, and on that day his brother, George Collins, took the insurance policy in question to his place of abode, which was on a houseboat on the Ohio river at the foot of Seventeenth street in Ashland. Shortly before midnight on June 19 the house in which the insured furniture was located was discovered to be on fire. The fire department answered the alarm promptly, and, when they arrived on the scene, they found the house closed and no one at home. The house, which was a one story one, had four rooms—living room, bedroom, dining room, and kitchen.

The fire had started in the closet in the bedroom, had burned through the partition between the bedroom and living room, and through the attic and roof. The fire was soon gotten under control, but some of the furniture was burned, some scorched by the heat, and all of it damaged by smoke and water.

When the firemen arrived at the house, they found a number of gas jets open; all of the burners on the stove and on the hot water heater in the kitchen were open and gas escaping, and the light gas jets in at least two other rooms were open. The window blinds were down, and blankets had been nailed over each window with 8-penny nails.

This suit was filed on the insurance policy in the Boyd circuit court on March 8, 1928. In the meantime Mrs. Mollie Collins had been indicted in the Boyd circuit court for the crime of house burning and had been tried and acquitted. On the trial of the case the jury returned a verdict for the plaintiff in the sum of $1,100, and from the judgment entered thereon the defendant insurance company has appealed.

As grounds for reversal on this appeal, it is urged that plaintiff's action should have been dismissed for failure to file proof of loss; that the verdict is excessive and flagrantly against the weight of the evidence; that the court erred in giving instructions; and that plaintiff's counsel was guilty of misconduct in the closing argument to the jury.

The policy sued on contained the usual clause requiring the insured to render a statement to the company within 60 days after the fire signed and sworn to by her, stating the knowledge or belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the loss thereon; all incumbrances thereon; all other insurances, whether valid or not, covering any of the insured's property; and any changes in the title, use, occupation, location, possession, or exposure of the property since the issuing of the policy. In its answer, the company alleged that the plaintiff had failed to comply with this clause of the policy, and same had not been waived in writing or otherwise by it, and alleged that she had failed to furnish any proofs of loss of any kind or character.

The plaintiff testified that on the day after the fire she went to the office of L. E. Sleet, the agent who had

written the policy, and that he informed her that David Caldwell was the adjuster for the company, and directed her to him. She saw Caldwell, and he took down an itemized list of the furniture that had been destroyed or damaged, and told her that he would send it to the company, and that she was not required to do anything further. She claims that she saw Caldwell from time to time thereafter, and inquired about the claim, and that he told her a hearing would be held later.

Sleet admits that he directed the plaintiff to see Caldwell, and Caldwell admits that she came to see him on two or three occasions, but he denies that she gave him any list of the furniture or that he told her he would send same to the company. He also testified that he did not represent the company in adjusting the loss on the furniture, but that he was an independent adjuster open to employment by any company, and that he was never employed by the appellant to adjust the loss on the furniture, although he was employed by it to adjust the loss on the house. There is some evidence tending to show that Caldwell was employed by the appellant to adjust the loss on the furniture, and, if so, he had the right to waive the requirement in the policy that the insured should furnish to the insurer a written proof of loss within 60 days after the fire. Home Ins. Co. of New York v. Porter, 225 Ky. 280, 8 S. W. (2d) 408; Continental Ins. Co. v. Turner, 222 Ky. 608, 1 S. W. (2d) 1063; Twin City Fire Ins. Co. v. Wilson, 220 Ky. 326, 295 S. W. 158. Whether or not Caldwell was appellant's adjuster for the loss, and, if so, whether or not he prepared a list in writing of the property claimed by appellee to have been damaged by fire, were issues as to which the evidence was in sharp conflict, and consequently were questions to be submitted to the jury.

The court instructed the jury, that, if they believed from the evidence that David Caldwell was not an adjuster for the defendant insurance company to adjust the loss occasioned by the fire mentioned in the evidence, they should find for the defendant. This instruction ignored the question as to whether or not the insured within 60 days after the fire filed any proof of loss as required by the policy. In effect, it amounted to a peremptory instruction to find for the plaintiff, if the jury did believe that Caldwell was an adjuster of the insurance company, although it might further believe that plaintiff had failed to give to Caldwell any list of the damaged

property, or that Caldwell had waived the filing of any proof of loss. The instruction in failing to cover the entire question was prejudicially erroneous. It is suggested by counsel for appellee that appellant offered no instruction on this issue, and therefore cannot complain if none was given. However, the court did give an instruction on the question of Caldwell's agency, and, the court having attempted to give an instruction, the instruction must be correct. We have frequently held that it is not the duty of the court on its own motion to instruct on every issue pleaded and proved, but, if an instruction is desired on an issue upon which the court has given no instruction, it should be requested. It has been said that all that is required is that the instructions shall be correct as far as they go. It is contended that the instruction referred to is correct as far as it goes, and that, if an instruction on the issue as to whether or not the appellee furnished to Caldwell an itemized list of the burned property was desired by appellee, an instruction on that phase of the question should have been requested. However Caldwell's agency and appellee's transactions with him are parts of the same issue, and an instruction as to his agency without referring to appellee's transactions with him could not be given without misleading the jury. In order to properly present the real issue involved, the instruction should have covered both phases of the question.

Appellant offered instruction A, which was refused and which reads as follows:

"If the jury believe from the evidence in this case that the fact that, at the time the policy of fire insurance here sued on was applied for, the plaintiff's husband, Marion Collins, had been sentenced to the Atlanta Penitentiary for bootlegging, was such a fact that an ordinarily prudent person would have known that a fire insurance company, acting in accordance with the usual custom and practice of such insurance companies, if made aware of such condition of affairs, would not, when applied to, have issued the policy here sued on, and that such fact was not made known to the insurance agent to whom application was made for the policy here sued on, then the jury should find for the defendant."

The court did not err in refusing to give this instruction. The fact that appellee's husband had been

36

tried, convicted, and sentenced to the penitentiary was a matter of public knowledge, and there is nothing to indicate that appellee fraudulently concealed this fact or that she was asked concerning it.

The alleged misconduct of plaintiff's counsel in the closing argument to the jury will probably not occur on another trial, and it will therefore be unnecessary to discuss it. As the evidence on another trial may be wholly different, all other questions raised but not discussed are reserved.

Judgment reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.