## Royal Insurance Co. v. Santamoro.

(Decided Dec. 9, 1932.)

D. H. HUGHES for appellant.

L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On July 28, 1930, appellant issued and delivered to appellee a fire insurance policy insuring certain household goods and furniture against loss by fire to a total amount of $1,000. The property insured was partially destroyed by fire on February 11, 1931.

This action was instituted to recover the full amount of the policy and on the trial of the case the jury returned a verdict for the amount claimed, and, from the judgment entered thereon, the company appeals.

The policy contains a clause which provides that no suit thereon shall be maintained until after proof of loss has been furnished by the insured and, in the event

of disagreement as to amount of loss, until after an appraisement has been made by two competent and disinterested appraisers; the insured and the insurer each selecting one. The selection of an umpire by the two appraisers so chosen is provided for.

In its answer, the insurer alleged that no proof of loss was furnished by the insured as required by the policy, but that he failed to make such proof of loss, and demanded that the insurer should pay the full amount of indemnity stated in the policy, to wit, $1,000. It further alleged that, believing in good faith that the personal property damaged and destroyed by fire was not of greater value than $400, it demanded an appraisal as provided by the terms of the policy, and that the insured refused to agree to an appraisal or to select an appraiser. In a reply, the insured interposed a plea of waiver as to his alleged failure either to furnish proof of loss or to agree to an appraisal.

It is conceded that the evidence was sufficient to sustain the verdict of the jury that the value of the property damaged and destroyed was $1,000, but it is urged that it was not sufficient to sustain the verdict in so far. as the jury found that the defendant's plea of waiver had been sustained. The evidence shows that appellee was in Memphis, Tenn., when the fire occurred. He returned that night, and on the following morning notified the agent of the insurance company. Representatives of the state fire marshal's office appeared on the scene to investigate the fire. Their investigation was not completed until some time in May, 1931, when the insured was notified that the insurer was ready to take up the matter of a settlement of the loss. He was also notified that Mr. Auber Smith, an adjuster of Paducah, Ky., would represent the insurance company, and that R. F. Simms, who was employed by Mr. Smith, would have charge of the settlement.

The insured made an itemized statement showing the various articles which he claimed had been destroyed or damaged by the fire and the value of each. Mr. Simms went to appellee's home and inspected the articles that had been damaged by fire, and placed the amount of loss found by him on the itemized statement furnished by the appellee. According to appellee, Simms offered to pay him $350 in settlement of the loss, but Simms claims that he offered $400. Appellee de-

clined to accept the offer, and, according to his own testimony, suggested that he select a furniture man and that the insurance company select an appraiser to represent it, and that the two so selected, together with an umpire selected by them, should determine the amount of the loss; that the adjuster agreed to this, and an agreement was made that the appellee should meet the adjuster in the latter's office on the following day to consummate the agreement; that he went to the adjuster's office at the time appointed and was informed that the adjuster was out of the city. He later brought this suit.

Mr. Simms, on the other hand, testified that, after he and appellee were unable to agree as to the amount of the loss, he demanded an appraisal as provided for in the policy, and that the appellee agreed to meet him in Mr. Smith's office, that he was in the office at the time agreed upon for the meeting, but appellee failed to appear, and a day or two later filed this suit.

The appellant received notice of the loss, and appellee furnished an itemized statement of the articles damaged and destroyed with an estimate of the value of each. This statement did not comply with all the requirements of the proof of loss specified in the policy, but, after receipt of this statement, the insurance company entered into negotiations with appellee looking to an adjustment or settlement of the claim and never notified him that the statement furnished by him was insufficient or that any further information would be required, and consequently we have no difficulty in arriving at the conclusion that the company by its actions waived the requirements of the policy as to proof of loss. The conduct of the agent selected by it to adjust the loss was inconsistent with the intention on the part of the company to insist on strict compliance with the requirements of the policy in this respect. Ætna Insurance Company v. Weekley, 232 Ky. 548, 24 S. W. (2d) 292; Royal Exchange Assurance of London, England, Inc., v. Collins, 231 Ky. 31, 20 S. W. (2d) 1023; Twin City Fire Insurance Company v. Wilson, 220 Ky. 326, 295 S. W. 158; Kentucky Insurance Company v. Wigginton, 89 Ky. 330, 12 S. W. 668, 11 Ky. Law Rep. 539, 7 L. R. A. 81.

Appellee insists that appellant failed to demand an appraisal in accordance with the terms of the policy,

and that therefore it waived this requirement. On the other hand, appellant claims that appellee suggested an appraisal, and that it agreed to an appraisal as suggested by him, and that this amounted to a demand on its part for an appraisal as provided for in the policy. Conceding this contention to be true, the evidence on this point was in conflict. The appellee testified that he suggested an appraiser, and that the time and place were fixed for a meeting to consummate the agreement, and that appellant's agent failed to meet him at the time and place appointed. Mr. Simms testified that he met appellee on the street, and that appellee agreed to meet him in Auber Smith's office within five minutes for the purpose of selecting appraisers, and that appellee failed to appear. Appellee denied that this conversation occurred.

It has been held that a provision for an appraisal in a fire insurance policy similar to the one here in question must be complied with by the insured before he can maintain an action on the policy when an appraisal is properly demanded by the insurer and the failure of the insured, without good excuse, to submit the adjustment of the loss to appraisers, is a good defense to an action on the policy. However, a clause in a fire policy providing for an arbitration or appraisement of loss or damage as a condition precedent to suit by the insured is inserted wholly for the protection of the insurer, and may be waived by it. National Fire Insurance Company v. Pinnell, 199 Ky. 624, 251 S. W. 651; Continental Insurance Company v. Vallandingham & Gentry, 116 Ky. 287, 76 S. W. 22, 25 Ky. Law Rep. 468, 105 Am. St. Rep. 218; Hartford Fire Insurance Company v. Bourbon County Court, 115 Ky. 109, 72 S. W. 739, 24 Ky. Law Rep. 1850. In Cooley's Briefs on Insurance, vol. 7, p. 6220, it is said:

"It is a general rule that the insured will be released from compliance with a contract to submit the loss under a fire policy to arbitration, as a condition precedent to bringing suit upon the policy, by any conduct on the part of the company which has the effect of preventing an appraisal from being had or an award from being made. Under such circumstances action may be at once commenced on the policy."

Numerous cases are cited in support of the text. Further along it is said:

> "Failure of an insurer after demanding an appraisement of a fire loss at a given time and place to appear at the time and place designated has been held a waiver of the right of appraisement."

There was evidence tending to show that appellant's demand for an appraisement, if one was made, was abandoned by it. According to appellee's testimony, appellant's agent, with whom he had been negotiating, was not present at the place and time designated for their meeting, and he was informed that the agent was out of the city. Nearly three months had elapsed since the fire, and several meetings had been held in an effort to adjust the loss without success. Whether or not the appellee dealt fairly with the appellant in the effort to arbitrate or acted in a reasonable manner under the circumstances was a question for the jury to determine under all the facts.

The instructions fairly presented the law of the case upon this issue and as to whether or not the appellant, by its acts, had waived the provision of the policy requiring appraisal. The evidence was sufficient to sustain the verdict of the jury in this respect, and the judgment is affirmed.