Case 52—PETITION ORDINARY—December 5.

# Kenton Ins. Co. v. Wigginton.

APPEAL FROM CARROLL CIRCUIT COURT.

1. FIRE INSURANCE—MATERIAL REPRESENTATIONS.—Misrepresentations by the assured, unless material to the risk or fraudulent, will not affect the right of recovery upon a policy of insurance.

The insured in this case stated, in good faith, that he was the owner in fee of the insured property. He was, in fact, the owner in fee of only one-fourth of the tract of land upon which the house was situated, and owned a life estate in the remainder. The house was erected by him as a residence for himself and family. *Held*— That although there has been no partition, the insured was entitled, as against his co-tenants, to that part of the land upon which the house was situated, and, therefore, his statement that he owned the property in fee does not make the policy void.

2. PETITION—IMPROVEMENTS ASSIGNED TO TENANT MAKING THEM.— One of several tenants in common has the right to erect such buildings on the land as will enable him to live on it; and the improvements in such a case will be assigned in the partition to the tenant making them.

3. TITLE TO INSURED PROPERTY IN LITIGATION.—The fact that the insured was claiming to be the owner in fee of the entire tract of land, and that that question was in litigation, did not avoid the policy under a clause providing that if the title was in litigation the policy should be void, there being no question as to the title of the insured to one-fourth of the property.

4. OVER-VALUATION BY THE ASSURED will not avoid a policy of fire insurance unless made in bad faith.

Kenton Ins. Co. v. Wigginton.

.5. PRELIMINARY PROOF OF LOSS WILL BE TREATED AS WAIVED by an insurance company where its conduct was such as to induce delay or to render the production of proof useless or unavailing, or. such as to induce in the mind of the insured a belief that no proofs would be required.

In this case the insured, immediately after the fire, applied to the local agent for blank forms of proof of loss, and was told by the agent that he had no blank forms, but would apply at the home office. The insured becoming restless at the delay in delivering to him the forms of proof, the local agent went to the home office, and was there told that some one would be sent down to see about the matter or settle it, which was communicated to the insured. *Held*—That the preliminary proof of loss was waived by the company.

COLLINS & FENLEY FOR APPELLANT.

1. An admission of an agent can only be proved against the principal when made while the business was being transacted, and not long after it was done. (Tocum v. Barnes, 8 B. M., 498.)

2. The facts proved do not amount to a waiver of proofs of loss. The company had the right to investigate the title to the property, and all circumstances relating to the fire, in order to ascertain the liability, and appellee was not and should not have been misled by such investigation. (Manhattan Ins. Co. v. Stein, &c., 5 Bush, 652; May on Insurance, secs. 505, 507, 470, 471; Mueller v. Southside Fire Ins. Co., 87 Pa., 399; Phœnix Ins. Co. v. Stevenson, 78 Ky., 150; Mechanics & Traders' Ins. Co. v. Denver, 83 N. Y., 168; Galveston Ins. Co. v. Heidenheimer, 9 Ins. L. J., 592; Ryan v. Springfield Ins. Co., 46 Wis., 471; Schroeder v. Keystone Ins. Co., 2 Phil. Rep., 286; McFarland v. Peabody Ins. Co., 6 W. Va., 473; Forest City Ins. Co. v. School Directors, 4 Bradwell, 145.)

3. The misrepresentation of the insured as to his title rendered the policy void, because it was so stipulated in the contract. (Blakely v. Continental Ins. Co., 5 Ky. Law Rep., 423; F. & D. Ins. Co. v. Curry, &c., 13 Bush, 312; German Ins. Co. v. Rudwig, 80 Ky., 223; Phœnix Ins. Co. v. Stevenson, 78 Ky., 150.)

If the insured knew when he made the representations as to title hat they were not true, they can not be held to have been innocently made. (Kerr on Fraud and Mistake, p. 53; Wood on Insurance, p. 555; Carpenter v. Am. Ins. Co., 1 Story, 57.)

4. An agent to solicit applications, submit them to the company, receive the policies, and collect the premiums thereon, can not delegate this authority to another; and especially if the company has no knowledge of the fact.

5. A policy obtained by false answers is not enforceable. The agent has

no right to accept false answers, and one dealing with him must know the extent of his authority. (Galbreath's Adm'r v. A. M. L. Ins. Co., 12 Bush, 29; Mayes v. Hartford Ins. Co., 3 Ky. Law Rep., 687; Fire Association of Philadelphia v. Dickey, &c., 8 Ky. Law Rep., 774.)

6. The contract being in writing, and not in any sense ambiguous, can not be altered, varied or changed by parol proof, unless the foundation is laid in the pleadings for the introduction of such proof. (Powell v. Phœnix Ins. Co., 10 Ky. Law Rep., 80; McKegney v. Wedekind, 6 Bush, 107; Wood on Insurance, vol. 1, p. 11; Marshall v. Columbia Ins. Co., 27 N. H., 157; Ins. Co. v. Miller, 39 Ind., 475; Shoemaker v. Glenns Falls Ins. Co., 60 Barb., 84; Phillbrook v. N. E. M. & F. Ins. Co., 37 Me., 137; Schmidt v. Peoria M. & F. Ins. Co., 41 Ill., 295; Western Assurance Co. v. Rector, 9 Ky. Law Rep., 3; National Mutual Benefit Asso. v. Hickman, &c., 9 Ky. Law Rep., 525; Ins. Co. v. Murry, 96 U. S., 544.)

7. The court erred in giving the plaintiff the value of the whole property, it being conceded that his interest was only an undivided one-fourth, and a life estate in the remainder. (Insurance Co. v. Haven, 95 U. S., 245; Parish v. Johnson, 7 S. W. Rep., 487; Hartford Ins. Co. v. Haas, &c., 10 Ky. Law Rep.; Home Ins. Co. v. Gadis, &c., 3 Ky. Law Rep., 164.)

**J. A. DONALDSON FOR APPELLEE.**

1. The appellant, by its conduct, waived the notice and all preliminary proof required. (May on Insurance, secs. 468–473; Manhattan Ins. Co. v. Stein, &c., 5 Bush, 657.)

2. The over-valuation is not so great as to indicate that it was fraudulent, and will, therefore, not vitiate the policy. (Miner v. Taggert, 3 Binn. (Pa.), 205; Lee v. Howard Fire Ins. Co., 11 Cush., 324; Aurora Fire Ins. Co. v. Johnson, 46 Ind., 315; Bonham v. Iowa Central Ins. Co., 25 Iowa, 328; May on Insurance, sec. 374; Gen. Stats., chap. 22, sec. 22; Germania Ins. Co. v. Rudwig, 80 Ky., 223.)

4. The appellee's representation that he owned the property in fee-simple was in effect true, as he owned an undivided one-fourth in fee, and was entitled, in the division of the land, to have the improvements set apart to him. (Hart v. Hawkins, 3 Bibb, 510; Nelson v. Clay, 7 J. J. Mar., 141; Hoskins v. Spiller, 1 Dana, 176; Borah v. Archer, 7 Dana, 177; Withers v. Thompson, 4 Mon., 344.)

5. The representation as to title being *substantially* true will not vitiate the policy. (Gen. Stats., chap. 22, sec. 22; Allen v. Charlestown Mut. Fire Ins. Co., 5 Gray, 384.)

6. The court erred in excluding the testimony of Gullion. His testimony was competent to show that appellant is estopped to rely upon the statements in the application, although appellee's name is signed to it.

Kenton Ins. Co. v. Wigginton.

·GEO. C. DRANE ON SAME SIDE

.1. The proofs of loss were waived by the conduct of the insurers, which induced in the mind of the assured the belief that they would not be required. (May on Ins., sec. 468.)

2. The representation by the assured as to the value of the property insured was a mere expression of opinion, and, as shown by the proof, was made in good faith, and without fraudulent intent, and, therefore, although an over-valuation, can not defeat his right of recovery upon the policy.

.3. The representation by the assured that he had a fee-simple title to the property insured was substantially true. It is conceded that he was the owner in fee of the undivided one-fourth, and tenant for his life of the remaining three-fourths of the two hundred and twenty-four acres of land upon which he erected, at his own expense, and for his own exclusive use, the insured building. In a partition of the two hundred and twenty-four acres between him and his co-tenants, he would be entitled to have his one-fourth so laid off as to give him the benefit of his improvements. (Nelson v. Clay, 7 J. J. M., 139.)

.JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case comes from the Superior Court by an appeal.

The appellant, the Kenton Insurance Company, made a contract of insurance with the appellee, Wigginton, by which the company insured his dwelling-house against loss or damage by fire for the period of three years from the second day of November, 1886. The policy of insurance contains the usual stipulations with regard to notice and the preliminary proof as to the loss, as well as the representations by the insured that he was the owner in fee of the property. The dwelling insured having been destroyed by fire, the appellant refused to pay the loss for the following reasons: (1) It contends that no preliminary proof of the loss was made and presented to the company as the contract of insurance required, and that being a condition precedent on the part of the insured, the

recovery should have been denied; (2) the insured owned only an interest of one-fourth in the property when he represented that he was the sole owner in fee; (3) the title to the property was in litigation in the Carroll Circuit Court when the insurance was effected by the appellee, and the contract of insurance making the policy void if that fact is not disclosed, no recovery should be had.

The policy provides that no action shall be maintained until the proofs of loss are furnished as required by the contract, and the application must disclose the true character of the title, and if incumbered or involved in litigation, such facts must be disclosed by the insured.

An examination of this record has satisfied us that no valid defense has been made out, and the absence of the preliminary proofs essential to the demand of payment from the company was caused by the conduct of the company or its agents, and for which the appellee is in nowise responsible. As soon as the fire occurred and the appellee's property destroyed, he notified the local agent of the company, and asked him for the usual blank forms kept and furnished by such companies to the insured as a guide in proving the loss sustained, and, in response, was told that the agent had no blank forms, but would write or see the principal agent or the home office on the subject. The principal office having been notified of the destruction of the property, and the appellee becoming restless at the delay in delivering to him the formula for making his preliminary proof, the local agent went to Covington, the place of the principal office,

and was there told, in effect, that some one would be sent down to see about the matter or to settle it, all of which was communicated to Wigginton, who relied on the statements of the local agent, that are not denied by the company, but admitted to be true. The home office knew that the written forms had been applied for by Wigginton (the appellee) at the office of the agent at Carrollton; had been written to by this agent to send the forms, and instead of doing so, or delivering them to the local agent who had gone to the home office to inquire about the delay, said to the agent, *we will send some one down to see about it*, and this some one did come, but never saw the appellee or approached him on the subject, nor did he give to the latter the opportunity of seeing him, but left the town of Carrollton, as if the matter was of no importance to the appellee or the company. The appellee began to comply with his contract the morning after the fire, and attempted to do every thing that was necessary to notify the company of his loss; but delay after delay, resulting more from the action of the company than that of the appellee, prevented the proofs from being made within the thirty days; and that the appellee was lulled into security by the conduct of the company or its agents is too plain a proposition to be controverted. There was not the shadow of a suspicion that the dwelling was burned for the purpose of obtaining the insurance, and the appellee—no doubt, a plain unsuspecting farmer, confiding in the statements of the local agent, and with the full belief that this company was preparing to adjust the loss—took no steps to present

the proof, except in the manner stated, and is now met with the defense that the company was delaying payment for the want of the proof of loss, and the still further defense that no payment would have been made if the proof had been furnished, because the appellee was not the owner in fee of the property insured. The general doctrine in regard to such conduct on the part of insurance companies can be well applied in this case: "The preliminary proof of loss will be excused on the ground of waiver by the insurers, if their conduct is such as to induce delay, or to render its production useless or unavailing, or as to induce in the mind of the insured a belief that no proofs will be required." (May on Insurance, 468.)

It appears from the application made by the appellee that the building insured stood on' a tract of land containing two hundred and twenty-four acres, and in the answer propounded to a question as to the title, he stated that he was the fee-simple owner, or rather the unconditional owner, of the entire tract. Whether any difference exists in a case like this in the meaning of the words "*the owner in fee*" and "*the unconditional owner*" is not necessary to determine, and in considering the question of title, the case will be disposed of as if the appellee had represented to the agent that he was the owner in fee of the entire tract of land. He, in fact, owned but one-fourth of the whole tract in fee, with a life estate in remainder, but was then claiming a fee in the whole, the sole question being involved in a litigation then pending as to the extent of his interest in the remainder, he claiming a fee, and the children of his wife, by her

first husband, insisting that he had a life estate only. The agent, or rather Gullion, who was a sub-agent of the local agent, with whom the appellee made the contract, was fully cognizant of all the facts. It is said, however, that this sub-agent was not employed by the company, but by the local agent, without any authority from the company to appoint him, or to conduct its business in that mode.

These are doubtless the facts of the record, but the appellee, nevertheless, had not imposed on the company by perpetrating an actual fraud, but made his representations to one whom he believed was the agent, and who knew the condition of the title. So neither Davis nor the agent of Davis was imposed on by the appellee; but the company, ignoring the authority of Gullion, the case must be determined on the materiality of the representation made as to the title, and its effect on the company. So we find the appellee the owner of one-fourth of the entire land in fee and a life estate in the balance, living on the land and in a building erected out of his own means, and necessary, and we might say indispensable, as a habitation for himself and family. He is a tenant in common of the whole tract, and the dwelling insured built at his own expense (or remodeled an old one that was valueless), that cost him two thousand dollars. It is not pretended that the land can not be divided so as to include the improvement made by the appellee, and allot to him that portion of the land where he has lived since the year 1864. He was the owner in fee of the one-fourth interest, and in good faith believed that he held the fee to the whole tract, but this court

held otherwise in the case of Peak's Heirs v. Wiggin-
ton, decided at the last term.  It is manifest that in
a division of this land the building would have been
assigned to the appellee without estimating its value.
The old building was worthless, and the entire ex-
pense incurred by the appellee in remodeling it, and
the fact that his title is not purely legal, is no argu-
ment against this recovery.  There was no incumbrance
on this one-fourth interest, or litigation in regard to it,
and the tenant in common having the right to improve
the land, and to erect such buildings as would enable
him to live on it, if the other tenants get their part
of the land in its unimproved state, without regard
to the improvements made by their co-tenant, no one
will be heard to complain.  The improvements in such
a case, as was held in Nelson's Heirs v. Clay's Heirs,
7 J. J. Mar., 140, "will be assigned in the partition
to the tenant making them."  It certainly would con·
stitute no defense on the part of the appellant if, in-
stead of a conveyance of record, the appellee had only
a bond for title with all the purchase money paid.
The representation as to the title to the entire tract
was not fraudulent, but made in the best of faith ; nor
was it material to the risk, because the appellee was
entitled to his one-fourth interest in fee, including the
dwelling insured.  The appellee was the unconditional
owner of this dwelling and the ground upon which it
stood, free of any incumbrance, and the fact that he
did not own the entire tract, although he may have
so stated, could in no manner have affected the rights
of the insurance company or misled its agent when
taking the risk, and no court, it seems to us, should

hold that the fee was not in the appellee for the reason that partition had not been made.

It is further claimed that the dwelling was not of the value placed upon it by the insured. The testimony on his part shows that the building cost him two thousand dollars, and the valuation at best is a mere matter of opinion, as is evidenced by the conflicting statements of witnesses in this case, and, therefore, unless there is proof showing that the insured has purposely fixed a large estimate upon his property with a view of obtaining that to which he is not entitled, the mere expression of an opinion as to value in the absence of bad faith can not be held to be either deceptive or fraudulent.

Under the statute of February 4, 1874, neither representations nor warranties affect the right of recovery, unless material to the risk or fraudulent, and where the property belongs to the insured, or if a joint owner, and, between him and his co-tenants, he is entitled to the property insured, the mere fact that there has been no partition, or a partition without a conveyance, if otherwise free of incumbrance or lien, will constitute no defense by the company.

The best of faith has been shown in this entire transaction on the part of the appellee towards the appellant, and there is no reason upon any principle of law, equity or justice for releasing the appellant from its liability.

Judgment affirmed.