## Standiford v. American Insurance Company.

(Decided May 5, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Insurance—Proof of Loss Held Condition Precedent to Recovery when Policy Provides for Forfeiture.—Where clause in fire policy required proof of loss to be rendered within 60 days, and provided for forfeiture on failure to do so, compliance with clause held condition precedent to recovery.

2. Insurance—Failure to Furnish Proofs of Loss Not Excused by Failure to Furnish Blanks.—While insurer may have been estopped to rely on forfeiture of policy for failure to furnish proofs of loss within time required, by its agent's promise to furnish blanks, on which insured relied until too late to furnish proofs in time, he was not thereby relieved from furnishing them in reasonable time thereafter; there being no requirement that insurer's blanks should be used.

HARRY N. LUKINS and HASWELL & LUKINS for appellant.

BRUCE, BULLITT & GORDON, JNO. E. TARRANT and JOSEPH S. LAURANT for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In this action for the destruction of a second-hand Overland automobile by fire upon a policy for $600.00, no proof of loss was furnished the company, and for that reason the lower court gave the jury a peremptory instruction to return a verdict for the defendant, which was accordingly done.

The policy provided:

"In the event of loss or damage the assured shall, within fifteen days, give notice thereof in writing to this company or the authorized agent who issued this policy, and shall protect the property from further loss or damage; and within sixty days from the date of the loss, unless such time is extended in writing by the company, shall render a statement to this company signed and sworn to by said assured stating the knowledge and belief of the assured as to the time and cause of the loss or damage, the interest of the assured and of all others in the property. . . .

"It is a condition of this policy that failure on the part of the assured to render such sworn statement of loss to the company within sixty days from the date of the loss (unless such time is extended in writing by this company) shall forfeit all claim for any loss or damage."

This provision is clearly distinguished from the one used in the standard form of policy, which merely provides a specified time in which proofs of loss shall be furnished the company, but does not provide that failure to submit the proofs within that time shall forfeit the policy.

As to the latter in a number of decisions it has been held that such provision does not make the furnishing of proof within the time specified a condition precedent to recovery, but that furnishing proof of loss before action is brought is sufficient. Kenton Ins. Co. v. Downs, 90 Ky. 236; Phoenix Ins. Co. v. Coomes, 14 Ky. Law Rep. 603; German Ins. Co. v. Brown, 16 Rep. 601; Orient Ins. Co. v. Clark, 22 Rep. 1066; Gragg v. Home Ins. Co., 28 Rep. 988; Continental Casualty Co. v. Waters, 30 Rep. 243; Aetna Life Ins. Co. v. Bethel, 140 Ky. 609; Niagara Fire Ins. Co. v. Layne, 162 Ky. 665; Germania Fire Ins. Co. v. Nickell, &c., 178 Ky. 1.

This construction is based on the principle that the law does not favor forfeitures, and as the furnishing of proof is not especially made a ground of forfeiture it will not be given that effect.

This is in harmony with the current of authority. Clark v. London Assurance Corporation, 195 Pac. 809; North B. & M. Ins. Co. v. Edmundson, 104 Va. 486; Coventry, &c., v. Evans, 102 Penn 281; Flatley v. Phenix

Ins. Co., 95 Wis. 618; Highson v. Ins. Co., 152 N. C. 206; Munson v. German-American Ins Co., 55 W. Va. 423; St. Paul F. & M. Ins. Co. v. Owens, 69 Kan. 602; Taber v. Royal Ins. Co., 124 Ala. 681; Southern Fire Ins. Co. v. Knight, 111 Ga. 622.

As suggested, the reason assigned in all of those cases is that the policy contained no forfeiture clause, thus implying that a clause of that character would have been given effect if embraced therein.

And where a failure to furnish such proof within the time specified is made a ground of forfeiture in the policy such provision has been uniformly upheld. Joyce on Ins., 2nd Ed. sec. 3280; Folds v. Firemen's Fund Ins. Co., 110 S. E. 925; Metcalf v. National Union Fire Ins. Co., 116 S. E. 324; Gallagher v. American Alliance Ins. Co., 220 Ill. App. 476; German Ins. Co. v. Davis, 40 Neb. 700; Whalen, &c., v. Western Ins. Co. of Toronto, 185 Fed. 490.

This ruling is based on reason as well as authority. The subject is one upon which the parties may legally contract. The provision itself is so simple and clear as not to be misunderstood, and when made a part of the contract there is nothing for the court to do but to give it effect. Of course, like any other forfeiture, this provision may be waived, and it is earnestly insisted that it was waived in this instance by a failure to furnish blanks upon which to make proof of loss and by an unqualified denial of liability.

It appears that the machine was for sale and that a friend of plaintiff had driven it to Shelbyville, Ky., to meet a prospective buyer. The sale did not materialize and on the way home the machine caught fire and was destroyed. Plaintiff notified the soliciting agent who had taken the application. This agent referred him to one Coleman, a clerk in a New Albany bank, who was also agent for the company and had issued the policy in question but who had nothing to do with adjusting claims or settling losses.

Plaintiff testifies that Coleman agreed to procure blanks for him to use in making out proofs of loss but failed to do so; that he called on him several times for this purpose and each time Coleman put him off. He also intimates that the company denied liability on the

claim, but does not testify that any of its agents, adjuster or otherwise made any such denial.

The policy does not require proof of loss to be made out on its blanks or agree to furnish same, nor is there proof of any custom on its part to furnish such blanks. Indeed, the only information required is a sworn statement of assured's knowledge and belief as to the time and cause of loss and of the ownership of the property. For this purpose a piece of blank paper would be as suitable as any blanks that could be prepared. However, if Coleman promised to procure blanks for that purpose and plaintiff relied on such promise and was thereby lulled into a sense of security during the period of sixty days or until too late to make out the proof within that period, it may be that the company would be estopped from relying upon the sixty-day forfeiture clause, but this would not relieve plaintiff from making out such proof of loss within a reasonable time thereafter. If he had done this perhaps he might have had a submission to the jury on the question of fact as to the waiver of the time for forfeiture.

But this he did not do—has never done—and as there is no evidence that the company ever denied liability, it could not be said that there is any proof of waiver of the entire provision. It follows that a peremptory instruction was properly given.

Perceiving no error the judgment is affirmed.