### Thompson v. London Assurance Corporation.

### Thompson v. Henry Clay Fire Insurance Company.

### Thompson v. American Fire Insurance Company.

(Decided December 11, 1925.)

### Appeals from Clark Circuit Court.

1. Insurance—Burden is on Insurer to Prove Defense on Written Policy.—In action on written policy of insurance, the burden of proving a defense, voiding policy, is on insurer.
2. Appeal and Error—Error of Reading Pleadings in Another Action to Jury Not Considered, in Absence of Bill of Exceptions.—Error, predicated upon court's allowing counsel to read to the jury a reply filed by plaintiff in another action, cannot be considered, in absence of bill of exceptions thereto.
3. Appeal and Error—Complaint of Evidence Waived, in Absence of Discussion in Brief.—Complaint of the evidence will be treated as waived, in absence of discussion in brief, pointing out that claimed objectionable.
4. Appeal and Error—Finding of Jury on Conflicting Evidence will Not be Disturbed.—Finding of the jury on conflicting evidence will not be disturbed on appeal.

C. F. SPENCER for appellant.

BEVERLY R. JOUETT and O'REAR, FOWLER & WALLACE for appellees.

Opinion of the Court by Drury, Commissioner—
Affirming.

The appellant, whom we will refer to as plaintiff,
began this litigation by instituting suits against the fol-
lowing insurance companies, seeking to recover of them
the following amounts: American Fire Insurance Com-
pany, $2,000.00; Henry Clay Fire Insurance Company,
$1,500.00;'' London Assurance Corporation, $1,000.00.
The cases were heard together, and the trial resulted in a
judgment for the appellees, whom we will refer to as the
defendants.

On June 22, 1920, the plaintiff made application to
the Hurst Home Insurance Company for $4,000.00 insur-
ance upon a dwelling house situated on a farm in Clark
county, Kentucky. The agent of that company examined
the risk and advised plaintiff that he could not write him
more than $3,000.00 insurance on the property. There-
upon plaintiff executed an application for that sum and a
policy for that amount was issued to him. That policy
contained this provision:

"The insured shall take out no insurance in any
other company, either on the within described prop-
erty or property contained within buildings insured
in this company, excepting live stock, without the
written consent of the general manager and secre-
tary; and if such other insurance is taken out by the
insured without the written consent of the general
manager and secretary, then and in that event this
policy shall be null and void."

After this insurance had been in effect for some time,
the plaintiff wrote the following letter:

"Winchester, Ky., March 10, 1921.

"Hurst Home Insurance Co.,
            Millersburg, Ky.
"Sirs:

"In looking over my policy I see your company
did not increase the amt. of insurance on brick &
frame metal roof dwelling used by tenant on my Mc-
Kinney farm 7 mi. N. W. of this city. $3,000.00 is
now carried by your company & I asked for $1,000.00
increase. Think residence worth $6,000.00. I wish

to notify the company that I am applying for additional insurance on the property in another company, which will no doubt be obtained.

"Yours truly, H. V. THOMPSON."

On the next morning, about 6:30, and before he had mailed this letter, he called the agent of the American Fire Insurance Company and placed with him $2,000.00 insurance upon this property, and at the time, told him he was cancelling some other insurance in the Hurst Home. He then called the agent of the Henry Clay Fire Insurance Company, placed with him $1,500.00 insurance and said he wanted to carry $4,500.00 insurance on the building, and was cancelling his Hurst Home insurance. Next he called the agent of the London Assurance Corporation, placed $1,000.00 insurance with him, and told him that he was taking out some insurance on this dwelling and that he had a policy in the Hurst Home for $3,000.00. After that he went to the station at Winchester, and there mailed the letter to the Hust Home Insurance Company. Between one and two o'clock the next morning, March 12, 1921, this property was destroyed by fire.

Defendants denied liability under their contracts for three reasons:

> One. Because each contract contains a provision that the policy should be void if other insurance was procured upon the property without the consent of the company.
> Two. Because the property was intentionally destroyed by the plaintiff.
> Three. Because the insurance was procured by a misrepresentation of material facts.

Replies to these answers made up the issues. These issues were submitted to the jury under instructions of which the plaintiff is complaining, but which we have examined and find to be more favorable to him than necessary.

He insists that the court erred in adjudging that the burden of proof was on the defendants; but he had sued upon written contracts made by the defendants, the execution of which they admitted, and if no evidence had been introduced he would have succeeded. Therefore, the court did not err in adjudging the burden to be on the defendants.

His next complaint is that the court erred in permitting counsel for defendants to read to the jury a reply filed by plaintiff in another action, but inasmuch as this error was not saved by setting it out in the bill of exceptions, we can not consider it. We have often announced this rule, and in the case of Hopkins v. Commonwealth, 210 Ky. 378, 275 S. W. 881, we stated the reason for the rule.

Plaintiff complains of the evidence, but as he has not in his brief discussed that, or sought to point out the objectionable evidence, that will be treated as waived. See McCorkle v. Chapman, 181 Ky. 607, 205 S. W. 682.

His last complaint is that the verdict is not supported by the evidence. Of course, the witnesses did not entirely agree. They rarely do. There was some evidence favorable to each party. The jury saw and heard the witnesses, and had better opportunity to judge of their interest than we have. There have been two trials of this case. The first jury failed to agree, which would indicate that there was conflict in the evidence, and that the evidence was not all one way. The second jury, however, did agree. We can se no reason for disturbing the verdict.

The judgment is affirmed.