## Home Insurance Company of New York v. Johnson.

(Decided November 30, 1928.)

### Appeal from Warren Circuit Court.

1. Insurance.—In case failure to furnish proof of loss does not work a forfeiture of insurer's liability, the furnishing of proof of loss is a condition precedent to right of action on policy, and insured has burden of proof thereof.

2. Insurance.—Where policy provided that failure of insured to furnish proof of loss within specified period should work a forfeiture, any failure of insured to furnish proof of loss within time avoided policy.

3. Insurance.—Where failure to furnish proof of loss worked a forfeiture of insurance policy, such failure is an affirmative defense, and burden was on defendant to establish it.

4. Trial.—Under Civil Code of Practice, sec. 526, relating to burden of proof, the denial of motion by insurer that it be awarded the burden of proof, with the incident right to open and close, constituted error, where it set up affirmative defenses to effect that loss was forfeited for failure to furnish proof of loss within required time, and that property was burned at instance and request of insured.

5. Trial.—Pleader, by anticipating possible defense, cannot deprive other party of burden of proof, with its incident right to open and close.

GORDON & LAURENT and THOMAS & LOGAN for appellant.

G. D. MILLIKEN and MOORE & MOORE for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant issued a policy of fire insurance to the appellee, W. R. Johnson, on the latter's dwelling house, stock barn, and certain personal property. The property was burned on August 5, 1926. Thereafter, appellee brought this suit on the policy and recovered a judgment for $1,900.

The appellant did not deny any of the allegations of the petition, but in its answer set up two affirmative defenses: (1) The claim for the loss was forfeited because of the failure of the assured to furnish proofs of loss within 60 days from the fire; (2) that the insured property was set on fire and burned by persons acting for the insured, with his knowledge, consent, and procurement. These facts in avoidance, pleaded in the answer, were denied by the reply. The appellant relies upon the fol-

lowing grounds for a reversal of the judgment: (1) Failure of the trial court to award it the burden of proof; (2) misconduct of counsel for the plaintiff in the argument of the case before the jury; (3) errors in the instructions.

The insurance contract here involved is a farm fire insurance contract as defined in Staples v. Continental Insurance Co. of New York, 223 Ky. 842, 5 S.W. (2d) 265. The policy contains a provision that the insured shall within 60 days from the date of the loss, unless such time is extended in writing by the company, furnish written proofs of loss and all claims for any loss or damage shall be forfeited by failure to furnish such proofs of loss within the time provided. It was alleged in the petition that plaintiff furnished defendant with a statement of the amount of his loss and the cause thereof as nearly as it was possible for him to do, and that, after making an investigation for itself, the defendant refused to pay the plaintiff any sum and denied its liability under the policy. This insurance policy differs from those policies which are so worded that failure to furnish proof of loss does not work a forfeiture of the insurer's liability. In the latter class of cases, furnishing of proof of loss is a condition precedent to the right to institute an action on the policy, and the insured must plead that he has furnished proof of loss in conformity with the provisions of the policy, and the burden of proof is upon the plaintiff to show that the proof of loss has been furnished. Fidelity Phœnix Co. v. Vincent, 224 Ky. 769, 7 S.W.(2d) 203, and cases therein cited. The proof of loss clause in the policy in the instant case, however, provides that failure of the insured to furnish proof of loss within the time provided shall work a forfeiture, and failure of the insured to furnish proof of loss within the time provided, if there was such failure, avoided the policy. Standiford v. American Insurance Co., 208 Ky. 731, 271 S. W. 1042. The performance of this stipulation of the policy was a condition subsequent. The original validity of the policy was not affected, but the stipulation was one to be performed after the loss occurred. Where failure to furnish proof of loss works a forfeiture, such failure is an affirmative defense, and the burden is upon the defendant to establish it. Whitteker v. Holcomb, 177 Ky. 790, 198 S. W. 533; Ætna Life Insurance Co. v. Milward, 118 Ky. 716, 82 S. W. 364, 26 Ky. Law Rep. 589, 68 L. R. A. 285, 4 Ann. Cas. 1092; Huguenin v. Continental Casu-

alty Co., 94 S. C. 138, 77 S. E. 751. It is no necessary part of the plaintiff's case in the first instance, either by pleading or proof, to show that he has performed this condition. In other words, furnishing of proof of loss within the period stipulated in the contract in question is not a condition precedent to the insured's right to sue on the policy, but failure to furnish it works a forfeiture which is a defensive plea which the insurer may or may not rely on. Had no proof been introduced, the plaintiff would have been entitled to a judgment on the pleadings. The burden was on the defendant to establish the defenses that the plaintiff had failed to furnish proofs of loss and that the property had been set on fire and burned at his instance and request by persons acting for him. Section 526, Civil Code; Colker v. Connecticut Fire Insurance Co., 224 Ky. 837, 7 S. W. (2d) 502. The fact that the plaintiff in his petition anticipated one of these defenses and alleged that he had furnished proof of loss did not shift the burden to him. The pleader, by anticipating possible defenses, should not be permitted to deprive the other party of the burden of proof with its incident right to open and close. This right is frequently a valuable one, and is such under the facts of this case. It follows that defendant was prejudiced by the action of the trial court in overruling its motion that it be awarded the burden of proof. Thompson v. London Assurance Corporation, 214 Ky. 1, 282 S. W. 553; Waller v. Lee County, 187 Ky. 848, 220 S. W. 1071; Security Life Insurance Co. v. Duncan's Administrator, 184 Ky. 443, 211 S. W. 758; Pitman v. Drown, 175 Ky. 677, 194 S. W. 913; Royal Insurance Co. v. Schwing, 87 Ky. 410, 9 S. W. 242, 10 Ky. Law Rep. 380.

Appellant also complains of certain remarks of counsel for the appellee in his argument before the jury. These remarks as set out in the bill of exceptions are as follows:

"W. R. Johnson and Chester Bandy had been tried in the Warren circuit court at its criminal term on the charge of burning the house and barn involved in this case, and were acquitted by a jury; John A. Logan, the present Commonwealth's attorney, and one of the counsel for the defendant, in this case, had prosecuted the criminal case at that time, and was still prosecuting the said parties in trying to prevent Johnson from recovering his insurance money."

Ordinarily these remarks would constitute prejudicial error.    Liverpool & London & Globe Insurance Co. v. Wright, 166 Ky. 159, 179 S. W. 49.    However, it appears that they were made in response to certain remarks made by the attorney for the appellant in his opening statement, and whether or not they were prejudicial under the circumstances we need not determine, since the remarks of neither attorney will probably be repeated on another trial.

. The court instructed the jury that it was the duty of the plaintiff, within 60 days from the date of the fire and loss, to furnish to the defendant company proof of loss. Appellant insists that the court should have instructed the jury as to the kind of proof of loss the assured was required by the policy to furnish to the company.    The defendant, however, relied solely on the defense that no proof of loss was furnished, and no issue was made as to the sufficiency of the paper setting out the statement of the loss and claimed by the plaintiff to have been delivered to the defendant.    Whether or not the evidence introduced by plaintiff tending to show that this paper was delivered to the defendant was sufficient to take the question of delivery to the jury, we will not determine, since the evidence on another trial may be substantially different from the evidence now before us.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.