# Insurance Company of North America v. Sumner.

(Decided May 13, 1930.)

F. M. DRAKE and HUBERT MEREDITH for appellant.

E. A. TAYLOR and BELCHER & BELCHER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

A. B. Sumner sued the Insurance Company of North America upon a fire insurance policy. Defense was interposed upon the ground that the contract contained a provision to the effect that in case of loss the assured within sixty days from the date of the loss should render to the company a particular account of such loss signed and sworn to by the assured, stating certain facts respecting the property and the circumstances of the loss. It was alleged that the defendant had failed to comply with the provision within sixty days, and such failure was relied upon as a bar to the action. It was further pleaded that the contract contained a provision to the effect that it should be void in case of any misrepresentation or fraud in the application for the policy. It was alleged that the plaintiff in her written application for the policy had stated that the purchase price was $2,500, whereas in fact it was less than $200. It was also stated in the application that the property would sell for $3,000, whereas in fact it had been sold a month before for less than $200 and had been appraised at only $1,200, which appraisal expressed the full market value of the property. It was alleged that the answers in the application were untrue, and were made by the plaintiff with knowledge of their falsity. It was further alleged that the defendant relied upon the statements and was thereby misled into making the contract by misrepresentations material to the risk; and that insurance companies engaged in the same character of business as defendant, acting reasonably and naturally under similar circumstances in accordance with their usual practice and custom in accepting and rejecting risks, would not have made the contract or issued the policy. The plaintiff by reply denied the defenses asserted and relied in avoidance upon waiver and estoppel. The evidence for plaintiff tended to show that the agent of the insurance company lived at the county seat and was the sole agent of the company in that county; that he was familiar with the insured property, had taken the application for the insurance, signed and delivered the policy; and that all of the transactions in regard to the insurance were with him. Plaintiff acted entirely upon the advice and instruction of the agent. The agent testified that he knew the value of the insured property, that it had been sold under an execution against plaintff's hus-

342

band and the circumstances thereof, that he was notified of the loss and advised the insurance company, that it sent an adjuster who did not go to the property or to see the insured, and that he directed plaintiff that she need not take any action until the adjuster came. In other words, the uncontradicted testimony showed that the company was not misled or deceived in any way, but that the agent representing it was fully advised of all the facts. There was no proof that under the same or similar circumstances any company engaged in like business would not have taken the risk. The circuit court rendered a judgment for the plaintiff, and the insurance company appeals. It insists that it was entitled to a peremptory instruction because of (1) misrepresentation in the application for insurance of the purchase price of the property, and (2) failure of the assured to render proof of loss within sixty days after the fire.

The application form contained a question as to the time applicant acquired the property, which was answered, "1926." The next question called for the purchase price, in answer to which $2,500 was inserted. It appeared that the property had been purchased originally by the husband of plaintiff for $2,500. An execution against the husband had been levied upon the property, and at the subsequent sale the property was sold to Mrs. Sumner for $165.75, which was the amount of the debt, interest, and costs for which the execution was levied. The sheriff had caused the property to be appraised and the value was fixed at $1,200. It does not appear whether this valuation included or excluded the homestead right of the husband in the property. In any event, the insurance agent was fully advised of the facts and there was no fraud or misrepresentation involved in the matter. It was apparent from its description in the application of a substantial dwelling that the property was worth more than $165.75. The agent knew the value of the property. If he had inserted in the application the amount paid at the execution sale, it would have called for an explanation of the facts. The agent knew the facts, and his knowledge must be imputed to the company. It could not rely upon the form in which the answers were put when all of the facts were in the possession of its agent. It was not unnatural or unreasonable for the agent and the applicant to assume that the information desired was the cost of the property when acquired by the husband, and not the amount of an exe-

cution which the wife had paid for him. There was no desire or effort to deceive, and the transaction was not calculated to result in any deception. Appellant cites the case of Standard Auto Insurance Association v. West, 203 Ky. 335, 262 S. W. 296, where insurance had been obtained upon an automobile costing $950 upon a representation that it had cost $1,150. It was not shown in that case, as here, that the agent was fully advised of the facts, or that the property insured actually had cost the higher amount stated. It is clear that what occurred in this case did not affect the risk, and that the insurance contract was made with full knowledge of the facts. The defendant failed to prove that it relied upon the representations when it issued the policy, or that it was ignorant of the facts now advanced to defeat liability. The facts were at all times within its possession and afforded no ground for contesting the validity of the contract. Continental Casualty Company v. Linn, 226 Ky. 328, 10 S. W. (2d) 1079; Niagara Fire Ins. Co. v. Johnson, 231 Ky. 426, 21 S. W. (2d) 794.

■ It is insisted, however, that failure to render a proof of loss within sixty days violated a condition of the contract and avoided all liability under it. The policy contained a condition to that effect. Some insurance contracts contain provisions to the effect that no action may be maintained thereon until proof of loss is furnished. Such a provision is but a condition precedent to an action on the contract, and, if not observed, operates merely to abate any action prematurely filed. Fidelity Phoenix Insurance Co. v. Vincent, 224 Ky. 769, 7 S. W. (2d) 203. But if a policy provides that proof of loss must be furnished within a specified time on condition of forfeiture of all rights under the policy, the liability is defeated if the condition is not performed by the insured or waived by the company, or its authorized agent. It is a condition subsequent, however, which must be pleaded by the company. Home Insurance Co. v. Johnson, 226 Ky. 594, 11 S. W. (2d) 415. Such a forfeiture provision was involved in Standiford v. American Insurance Co., 208 Ky. 731, 271 S. W. 1042, to which class of cases the present policy belongs. Cf. Staples v. Continental Insurance Co., 223 Ky. 842, 5 S. W. (2d) 265. It is pointed out in the opinion in the Standiford case that the condition in the policy may be waived, and that the conduct of the agent may estop the insurance company from relying upon it. But even in such event the proof of loss must

be made within a reasonable time after notice that the company insists upon it.

Here the loss occurred on March 30, 1927, and the agent was notified immediately. He informed the company, and on April 18, 1927, the King-Smith Adjustment Company wrote plaintiff that her claim had been referred to them and added: ''Our adjuster, Mr. J. D. Hearn, was in Greenville April 12th, making an investigation as to your title. The object of this letter is to advise you in writing that no one except an officer of the Company has any right to waive any of the terms and conditions of your policy contract. Nothing that has been done or said by the Agent of the Company or this adjuster is in any way to be construed as a waiver to any of the Company's rights. If you think you have a claim to present, your policy contract will be the best criterion to go by.''

When that letter was received, Mrs Sumner again went to the agent, who told her that he had received a similar letter and that she need not do anything until the adjuster came to adjust the loss. She was subsequently notified to meet the adjuster at the office of the agent on April 30th, but the adjuster did not come. She continued to rely upon the agent until June, when she determined that it was necessary to bring suit and employed a lawyer for that purpose. Proof of loss was then submitted, and on June 11th the adjuster wrote Mrs. Sumner as follows:

"We are in receipt of a letter today from I. P. Sumner of Greenville, Kentucky, with reference to your claim for alleged loss under the above policy.

"As we wrote you on April 18th, no one except an officer of the company has any right to waive any of the terms or conditions of your policy contract, and if you are of the opinion you have a claim to present, your policy contract is very clear as to your rights and the company has not so far, nor do they expect to waive any of their rights under your policy contract, nor do they admit or deny any liability on account of your claim for alleged loss."

Later on June 14th, the adjuster wrote a long letter to the attorney who had prepared the proof of loss. It was not a straightforward or candid letter, but an evasive and equivocal one designed to avoid taking a definite stand upon anything. For instance, it intimated an uncertainty of understanding whether the proof of

loss was so intended, or designed merely as an original notice of the fire. Assuming it to be first the one and then the other, it denied its timeliness or sufficiency for either purpose. It recited the caution of the adjuster in putting the plaintiff on notice back in April that the policy was her best criterion to follow. It finally rejected the document as a notice or proof of loss. The sufficiency of the proof of loss is not before us, since the defense is based alone upon the fact that it was not filed within sixty days after the fire. Home Insurance Co. v. Johnson, 226 Ky. 594, 11 S. W. (2d) 415.

It will be observed that the adjuster, although authorized to proceed to the home of Mrs. Sumner to adjust the loss, stopped at Greenville to investigate her title. He learned, obviously, of the execution sale with which the agent was familiar and decided that he would go no further. His letter manifests a strategic purpose to escape liability under the policy. When investigating the title he probably learned that the agent was fully advised of the facts, and that the insured was depending upon him for guidance respecting the insurance. In any event, he deemed it necessary to write the assured that "nothing done or said by the agent of the company" could be taken as a waiver of its rights. But the insured knew nothing of the adjuster's authority or of the subtle significance concealed in his letter. The letter conveyed no definite direction to the insured, and brought to her no assistance in her difficulty. Naturally the inexperienced woman returned to the insurance agent, whom she knew, and whose name was signed to the policy, for further assurance. He told her to disregard the letter and await the arrival of the adjuster. The letter was not so framed as to inform the assured of any action that was desired. The reference to the investigation of her title rather indicates that the adjuster was searching for defenses to be interposed rather than to ascertain the extent of the plaintiff's loss, or to make an adjustment of the company's liability. It is clear that the conduct of the agent in this case estopped the defendant from relying upon the failure to furnish the proof of loss within sixty days after the fire. Since a proof of loss was furnished within a few days after Mrs. Sumner was advised that it would be required, the conditions of the contract were satisfied. In the case of Continental Insurance Co. v. Turner, 222 Ky. 608, 1 S. W. (2d) 1063, under similar facts, it was held that the acts of the agents estopped the

company from relying upon the failure to furnish proof of loss within sixty days. Cf. Continental Casualty Co. v. Linn, 226 Ky. 328, 10 S. W. (2d) 1079. In the opinions mentioned, numerous authorities are adduced to sustain the propositions upon which the present conclusion is predicated.

The evidence adduced was uncontradicted and established liability for the loss. The agent acted within the apparent scope of his authority, and the insured had no knowledge of any limitations thereon. The company failed to sustain its defenses, and the circuit court ruled rightly in rendering the judgment for the assured.

The judgment is affirmed.