# Dunning et al. v. Continental Ins. Co., Inc.

(Decided May 22, 1934.)

VERT C. FRASER for appellants.

CLEM S. NUNN, and GORDON, LAURENT & OGDEN and T. M. GALPHIN, Jr., for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

This is the second appeal of this case, and the former opinion will be found in 249 Ky. 234, 60 S. W. (2d) 577, 579. A complete statement of the case will be found in that opinion. There is a provision in the fire insurance policy in controversy rendering it void and unenforceable if the insured property was unoccu-

pied or uninhabited for ten consecutive days before the loss by fire.

In reversing the judgment in favor of the insured on the former appeal, it was held that the evidence showed that the property was, at the time of the fire and for some ten days theretofore, unoccupied within the meaning of the provisions of the policy. On the second trial, the proof was the same as to the furniture that had been moved to the dwelling by the Dunnings and as to the furniture left there by the O'Neals when they moved away. It is also the same as to the live stock, poultry, etc., kept on the farm and the time spent there there by Mrs. Dunning. In addition to the proof introduced on the first trial, it was shown on the last trial that the Dunnings had grain and other feeds stored in the barn, and there is additional proof bearing on the occupancy of the house.

Mrs. Dunning testified that her husband requested her to get some one to stay with her, and that her nephew Shelby Henry, who had been working in a mine in Illinois but had lost his job, owed her some money and proposed to work for her and pay it; that she entered into an agreement with him whereby he was to come and live with her, help dig a basement, and assist her husband on the farm the following year; that, pursuant to this arrangement, her nephew came to the farm two or three weeks before the fire and stayed until the residence was destroyed; for some reason they were not ready to begin the basement, and he did other work on the farm; that when she was there she would prepare his meals, but that in her absence he would prepare his own meals, and that he slept in the residence all the time after he came there except a night or two. Shelby Henry corroborated his aunt in every particular respecting the arrangement under which he came to stay with her, but stated that he was at the farm about four weeks before the fire occurred; that he came there some time between the middle and last of September and that the fire occurred on the 23d of October; that he took his meals at the residence on the farm and slept there every night except two or three which he spent at the home of his mother. When asked why she did not give this additional evidence on the first trial, Mrs. Dunning testified that she was not asked about it and thought that her evidence was sufficient on the question of occupancy, and Shelby Henry testified that he only testified to mat-

ters about which he was asked, and that he was not asked about living in the Dunning home; that, after the judgment in the first trial was reversed, he realized the importance of this evidence.

At the close of the evidence for plaintiffs the court sustained a motion for a peremptory instruction in favor of the defendant, and plaintiffs are here on appeal from the judgment dismissing their petition.

It is argued by counsel for appellants that the evidence was sufficient to take the case to the jury and that the court erred in directing a verdict for appellee. On the other hand, it is argued by counsel for appellee (1) that the opinion on the former appeal is the law of the case, and, as therein held, this property was not occupied and had been vacant and unoccupied for more than the time specified by the policy as shown by evidence on the first trial, and that the evidence on the second trial was not sufficiently different to lead to a different conclusion; (2) that, under the provisions of the policy, appellants by their failure to furnish proof of loss within sixty days forfeited all claim for any loss or damage to their property, and that appellee did not waive the filing of proof of loss nor is it estopped to rely upon appellant's failure to make proof as provided in the policy.

Unquestionably the former opinion is the law of the case in all matters determined from the record on that appeal, but the evidence on the second trial with respect to the question of occupancy is materially different from the evidence on the first trial.

In the recent case of Home Insurance Co. v. Steinberg, 253 Ky. 388, 69 S. W. (2d) 690, 691, the company was seeking to avoid liability on the policy because of vacancy of the property in violation of a provision similar to the one under consideration here. In discussing the evidence bearing on the question of occupancy, the court said:

"The burden was on appellant to show that the house was vacant in the meaning of the insurance policy."

However, without regard to that question, appellants seemed to have assumed the burden in this instance of showing that the property was occupied. In addition to evidence, the same as that on the former

trial as to the use of the property by Mrs. Dunning and introduced for the purpose of showing occupancy, we have here additional proof tending to show that Shelby Henry, under an agreement with Mrs. Dunning, came to this place with the purpose and intent to make it his place of abode for an indefinite period, and that he had occupied it continuously from the latter part of September until it was destroyed by fire on the 23d of October except two or three nights when he was absent as a matter of pleasure or convenience. Obviously this additional evidence given on the last trial, standing uncontradicted, is sufficient to establish occupancy as that term is clearly defined in the former opinion in this case and in the numerous authorities therein cited, and is such as would avoid a forfeiture of appellants' claim under the provisions of the policy prohibiting vacancy of the insured property.

Some question is made concerning the verity of this additional evidence because of the peculiar circumstances under which it was offered. While it is rather unusual for evidence of this character bearing on a vital issue to be overlooked, whatever significance may be attached to the fact that it was not introduced until after the judgment was reversed because of the failure to show occupancy is, after all, a matter that addresses itself to a jury in determining the credibility of the witnesses and the weight to be given their evidence.

In the former opinion it was said:

" 'Vacant,' 'unoccupied,' or 'uninhabited' is a question of law for the court, but whether at the time of the destruction of a building by fire it is 'vacant,' 'unoccupied,' or 'uninhabited' is one of fact for the determination of a jury."

Our conclusion is that the evidence was sufficient to take the case to the jury on the question of occupancy regardless of whether the burden to establish that fact was upon appellant.

The policy, in effect, provided that the insured shall furnish proof of loss within sixty days from the date of the loss and that any claim for loss or damage shall be forfeited by failure to furnish proof within the date specified therein. The evidence shows conclusively that within a day or so after the fire Mrs. Dunning called up Ernest Vaughn, the soliciting agent for appellee at

Dixon, and notified him of the fire and asked him what steps she should take. He requested her to ascertain the extent of the loss and report back to him, which she did. He told her that he would report the matter to the insurance company and that an adjuster would be sent and that he would take care of it. He did report the loss to the company, and in about three weeks an adjuster, accompanied by Mr. Vaughn, went to the premises and made an investigation. According to the evidence of Mrs. Dunning, the adjuster told her he could not make a settlement with her because, according to his investigation, the house was unoccupied at the time it burned, but that he would submit it to the company and let her know. Shelby Henry testified that the adjuster said that, from his investigation and information he obtained, he could not pay the policy because the property was not occupied. Mrs. Dunning further testified that she did not see the adjuster again until a month or two after the fire, when she and her husband went to his office at Madisonville, where he again told her the house was not occupied and he would have to turn it in to the company that way.

On December 22d, appellants made or caused to be made out a statement of loss which was signed and sworn to by them before a notary public, but, according to the postmark on the envelope in which the notice was sent to the company, it was not mailed until December 23d and did not reach Chicago where the home office of the company is located until two days thereafter and which was more than sixty days after the loss occurred.

A provision in an insurance contract that failure to furnish proof of loss within a period specified therein will avoid the policy has been upheld by this court, and failure of the insured to make such proof within the time specified will work a forfeiture of claim under the policy. Home Insurance Co. of New York v. Johnson, 226 Ky. 594, 11 S. W. (2d) 415. However, such a provision in a policy may be waived by the company, or its acts and conduct may be such as will estop it to assert such a defense in avoidance of liability. There are a number of cases in this jurisdiction holding that a mere soliciting agent is not authorized to waive requirements of a policy concerning the proof of loss, but it has also been held that, where a local agent of the company was the only person representing the company with whom the insured came in contact and no limitation of his au-

thority had been communicated to the insured, he had a right to rely upon the agent's statements. Continental Insurance Co. v. Turner, 222 Ky. 608, 1 S. W. (2d) 1063. See, also, Insurance Co. of North America v. Sumner, 234 Ky. 340, 28 S. W. (2d) 14, 17.

Appellee cannot escape liability on the ground that appellants failed to make proof of loss within the time or in the manner provided in the policy, if its acts and conduct were such as would induce delay in making proof or would lead a reasonably prudent person, similarly situated, to believe that the requirements of the policy respecting proof had been waived. National Fire Insurance Co. v. United States Building & Loan Association's Assignee, 54 S. W. 714, 21 Ky. Law Rep. 1207; Insurance Co. of North America v. Sumner, supra; Kenton Insurance Co. v. Wigginton, 89 Ky. 330, 12 S. W. 668, 11 Ky. Law Rep. 539, 7 L. R. A. 81.

Wholly apart from any question as to whether Vaughan was merely a soliciting agent or whether any notice of limitation upon his authority had been given to appellants, the evidence clearly establishes that, when Mrs. Dunning notified him of the fire, he told her in effect that it would be unnecessary for her to take any further steps; that he would write the company and have an adjuster sent and the matter looked after. He did notify the company, and, acting on that notice, it sent its adjuster, and such action would indicate that it, at least tacitly, ratified the authority assumed by the local agent. Not only so, but when the adjuster came he virtually and in fact denied all liability on the ground that the property was unoccupied, but he stated that he would submit the matter to the company and let her hear from him. He made no denial of liability on the ground that proof of loss had not been made as required by the policy, nor did he even intimate to her that such proof was expected or would be required. Such acts and conduct would naturally induce delay or lead an ordinarily prudent person to believe that the requirement of the policy respecting proof was waived by the company. Appellants did delay further action until the period for making proof had nearly expired, when, having heard nothing from the adjuster, they went to Madisonville to see him, and he virtually, if not in fact, again denied liability on the ground that the property was not occupied and again told them he would submit the matter to the company. Immediately after

this conference with the adjuster, appellant made proof of. loss and forwarded it to the company.

In the case of Insurance Company of North America v. Sumner, supra, the company was relying on a provision in the policy similar to the one under consideration here. The evidence in that case relied on to show waiver or estoppel was not as clear and convincing as it is here. After summing up the evidence, it was said:

"It is clear that the conduct of the agent in this case estopped the defendant from relying upon the failure to furnish the proof of loss within sixty days after the fire. Since a proof of loss was furnished within a few days after Mrs. Sumner was advised that it would be required, the conditions of the contract were satisfied."

In this case appellants received no notice from the company or its agents that proof of loss would be required. The proof submitted by them to the company immediately after the last conference with its adjuster certainly satisfied all the conditions of the policy.

In the case of Ætna Insurance Co. v. Weekley, 232 Ky. 548, 24 S. W. (2d) 292, 293, it was said:

"It is the universally declared rule that what facts are necessary to create a waiver is a question of law; but, whether such facts were or not true, if denied, is a question to be determined by the jury under proper instructions."

For the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.