**FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC., Appellant,**

v.

**Voris GREGORY, Appellee.**

Court of Appeals of Kentucky.

Feb. 19, 1965.

———◆———

David R. Reed, Paducah, for appellant.

Raymond B. Dycus, Smithland, B. M. Westberry, Marion, for appellee.

DAVIS, Commissioner.

Appellee recovered $7,000, the face amount of a fire insurance policy issued to him by appellant, based upon the total destruction by fire of the appellee's residence.

Appellant's defense, and its contentions of reversible error, are based on the admitted failure of appellee to file written proof of loss as provided by the insurance policy. For the appellee it is maintained that the policy provision requiring proof of loss was effectively waived. Appellant also presents claimed error in the instruction to the jury and in the admission of certain evidence.

Fire destroyed appellee's dwelling on August 2, 1962, while a fire insurance policy issued by appellant was in force. The loss was total; the face value of the policy was $7,000. The policy is a "valued policy" within the purview of KRS 304.905.

Appellee was out of Kentucky when the fire occurred. When he returned the next day he learned of the fire and reported it to the insurance agent from whom he had obtained the policy. That agent, Pruett, transmitted the information to appellant forthwith.

Under date August 6, 1962, appellant's general agent referred the fire loss to General Adjustment Bureau at the latter's Madisonville office. A copy of the transmittal letter from the general agent to General Adjustment was furnished Pruett, and is in evidence. The letter to the adjustment agency, on a prepared printed form, contained this language: "We have received notice of loss in connection with the above [the instant claim] and are taking the fol-.

lowing action: Referring loss to you for adjustment. Forward completed loss papers to this office."

Shortly after receiving the adjustment instructions General Adjustment Bureau sent its employee, Wedding, to investigate the matter. Wedding met with the appellee at the fire scene, and made certain measurements. Wedding asked appellee to furnish a photograph of the residence as it had appeared before the fire; appellee did mail to Wedding such a photograph. Indeed, it is conceded that appellee fully "cooperated" with Wedding.

Wedding testified that he concluded that "as the fire was of undetermined origin and the house was vacant—and appeared to be over insured I made a report to Mr. Bracey." (Bracey is employed by the National Board of Fire Underwriters.) Wedding said that Bracey investigated the fire, as did an investigator for the State Fire Marshal.

Wedding further said that when the investigation came within the investigative jurisdiction of the Fire Marshall "there was nothing I could do until they were through." Accordingly, Wedding said that about two weeks after the fire he informed appellee that the matter was in the hands of the Fire Marshal, and that Wedding could do nothing until the Marshal's investigation had been concluded. Wedding testified that "the proof of loss was never mentioned" as between him and the appellee.

Appellee made one further communication with his own insurance broker, Pruett, at which time he indicated to Pruett that the claim had not been settled. On October 15, 1962, appellee consulted and retained Raymond Dycus as his attorney to enforce payment on the policy. The attorney testified that on that date he had a telephone conversation with adjuster Wedding, and that Wedding said that the insurance company had waived proof of loss. In his testimony Wedding specifically denied making such statement, and further asserted that he had no such authority.

When no response was forthcoming from the insurance company, the present suit was filed on October 25, 1962. The insurance company made an affirmative plea in avoidance that appellee had failed to furnish the written proof of loss. The pertinent terms of the insurance policy are:

"* * * and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of loss and whether or not it then stood on leased ground * * *

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

By a reply, the appellee-plaintiff reaffirmed his contention that the company had waived the filing of proof of loss and, in the alternative, pleaded: "* * * in the event it should be determined that this plaintiff has not furnished proof of loss as required * * * and that the company has not waived this * * * then * * * plaintiff's complaint should be dismissed without prejudice and plaintiff permitted to tender such proof." The company's motion to strike the reply was overruled. So far as

is disclosed by the record, no specific ruling of the trial court was sought or made with respect to the alternative pleading.

■ Our cases recognize the validity of provisions of insurance policies requiring proof of loss. In some instances the cases have dealt with such clauses which incorporate a provision for forfeiture of the insurance claim; in others, as in the present case, the provision does not impose forfeiture but makes the proper filing a condition precedent to maintenance of a suit upon the policy. Continental Insurance Co. v. Marr, 292 Ky. 283, 166 S.W.2d 422 (involving forfeiture); Fidelity Phenix Insurance Co. of New York v. Vincent, 224 Ky. 769, 7 S.W.2d 203 (proof required as condition precedent to suit, but no forfeiture).

■ It is well established also that the filing of proof of loss may be waived. Aetna Ins. Co. v. Weekley, 232 Ky. 548, 24 S.W.2d 292; Western Auto Cas. Co. v. Lee, 246 Ky. 364, 55 S.W.2d 1; Dunning v. Continental Ins. Co., 254 Ky. 368, 71 S.W.2d 995.

We have held that an adjuster may waive such proof of loss. Royal Exchange Assurance of London, England, Inc. v. Collins, 231 Ky. 31, 20 S.W.2d 1023.

■ We believe the insurance company is estopped here to rely on failure to file proof of loss. As noted, the company specifically directed General Adjustment to "Forward completed loss papers to this office." Adjuster Wedding did ask appellee to furnish a photograph of the residence, and this was done. Wedding told appellee, during the sixty-day period, that since the matter had been taken under consideration by the Fire Marshal, there was nothing more he could do pending that investigation.

The inference is clear, we think, from Wedding's conversation with appellee, that after the Fire Marshal's investigation had been finished, Wedding would resume action looking toward adjustment of the claim. Wedding did not ask for proof of loss, although the company asked him to forward it.

■ The insurance company can become bound by the activities of its agent, even though it may be said that the agent lacked actual authority to waive the filing of the proof of loss. We consider sound the statement made in 45 C.J.S. Insurance § 982(6), p. 1201: "As a general rule, one who is intrusted by the company with apparent power to adjust the loss ordinarily has authority to waive notice or proofs of loss." We hold that Wedding's actions, in the sixty-day period, were sufficient as a matter of law to estop the appellant company from insisting on a proof of loss. Cf. Dunning v. Continental Ins. Co., 254 Ky. 368, 71 S.W.2d 995.

It is our view that Wedding's conduct, without respect to what he may or may not have said to attorney Dycus, was of that nature as "would naturally induce delay or lead an ordinarily prudent person to believe that the requirement of the policy respecting proof was waived by the company." Dunning v. Continental Ins. Co., supra, 71 S.W.2d at 998.

This conclusion makes it unnecessary to consider the claimed errors with respect to the instruction given and the evidence admitted (since the questioned evidence does not bear upon the conduct of Wedding and appellee).

The judgment is affirmed.