## Continental Ins. Co. v. Marr.

Dec. 1, 1942.

T. M. Galphin, Jr., and Ogden, Galphin, Tarrant & Street, and C. O. Carrier for appellant.

R. H. Cannon for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Frank Marr took out a fire insurance policy on his barn on October 2, 1940. The barn burned October 23rd. Marr was away from home at that time. A few days after the fire he went to the office of the soliciting agent who had taken his application for the policy and was told

that the Company had already been notified of the loss. J. E. Newton, staff adjuster for the Company, made two unsuccessful attempts to locate Marr prior to November 29th, when he and the soliciting agent went to the place of the fire. On November 30th, Newton wrote the following letter to Marr on the Company's stationery, which Marr received on December 5th:

"Dear Sir:

I have made three trips, the last of which was on November 29, 1940, for the purpose of investigating your claim for alleged fire damage to property described in Policy No. 300712, issued to you by the Continental Insurance Company of New York. During my investigation there was disclosed conditions that made it necessary for me to terminate my investigation. The purpose of this letter is to notify you that I neither admit nor deny liability for the claim reported by you and it is with the further purpose to now inform you that I have not waived, do not now waive, and do not intend to waive any of the terms, provisions, or conditions of the policy contract, but that on the contrary, I preserve for and unto the Company all and any of its rights to which it may be entitled or accruing to it under the terms, provisions, and conditions of the policy contract. No person or persons other than an officer of the Company has any right to waive any of the Company's rights under this policy contract. If you think or believe that you have a claim under this policy, you are respectfully referred to the policy contract itself as to further procedure on your part.

Very truly yours,

The Continental Insurance Company
(signed) By J. E. Newton,
Staff Adjuster."

This action was filed December 22nd. The trial resulted in favor of Marr; hence this appeal.

The Company insists that it was entitled to a directed verdict because (1) the policy expressly provided that only the manager of its farm department at its Chicago office had authority to waive or change any provision of the policy; (2) Marr knew that the local soliciting agent would not handle the investigation or the determination

of his claim; and (3) Marr was advised in writing, independently of the policy and after the fire, that the local soliciting agent had no authority to waive any of the provisions of the policy.

The provisions of the policy relied upon by the Company follow:

"In case of loss the insured shall, within fifteen days, give this Company at its Western Department office in Chicago, Illinois, written notice thereof, and shall, within sixty days from the date of the loss, render to its office aforesaid a particular account of such loss, signed and sworn to by the insured, and by the insured only (except in case of death, and then by the legal representative) stating the date and circumstances of the same, the exact nature of the title and interest of the insured, and of all others in the property, by whom and for what purpose any building herein described was occupied at the time of the loss, all encumbrances on the property, and all other insurance, whether valid or not, covering any portion of said property; and shall furnish this Company an itemized statement of personal property, and, if required, plans and specifications, and an itemized estimate of each and every building by a reliable and competent builder. All claims for loss or damage shall be forfeited by failure to furnish proofs of such loss or damage within the time and in the manner above provided."

"In witness whereof, this Company has caused these Presents to be signed by its President, in the City of New York, and attested by its Secretary. But this Policy, or any endorsements thereon, or attached thereto, of any kind, shall not be valid until countersigned by the Manager of the Farm Department, at Chicago, Illinois, who alone shall have power or authority to waive or alter any of the terms or conditions of this Policy, or to make or attach endorsements."

It is to be noted that the first provision provides for a forfeiture upon failure of the insured to furnish a proof of loss within 60 days, and that the second provision sets forth that only the manager of the farm department of the Chicago office had power or authority to waive or alter any of the terms or conditions of the policy.

Marr never furnished a proof of loss, but he brought this action just at the end of the 60 day period. The designated officer had made no change or alteration in the policy. The aforementioned letter from the staff adjuster, Newton, told Marr that he was investigating the claim; that he neither admitted nor denied liability; that he did not intend to waive any of the terms or provisions of the policy; and that no person other than an officer of the Company had the right to waive any of the Company's rights under the policy. When Marr received this letter he still had 16 days within which to file the proof of loss.

Marr's position is that there was a waiver of the proof of loss provision in the policy. He said that he went to see the soliciting agent after the fire; that he was told the loss had already been reported; that upon receipt of Newton's letter he took it to the agent who told him to disregard it; that the day after he received the letter he went to consult his attorney; and that he had been in Robinson's (the agent's) office and had seen him adjusting insurance claims. Robinson said that he never saw Newton's letter and did not tell Marr to disregard it. He said that he adjusted small claims occasionally, but only on special authorization.

This Court has upheld the provisions of insurance policies providing that claims would be forfeited upon failure to file a proof of loss in accordance with the provisions of the policy. Standiford v. American Insurance Company, 208 Ky. 731, 271 S. W. 1042; Home Insurance Company v. Johnson, 226 Ky. 594, 11 S. W. (2d) 415.

The recent case of Prudential Insurance Co. of America v. Jenkins, 290 Ky. 802, 162 S. W. (2d) 791, deals with powers of insurance soliciting agents as contrasted with those of general agents. In that case it was held that there could be no recovery against the company where an application for an insurance policy stated that no agent of the company had power to modify its provisions or bind the company to the contrary, since the agent was a soliciting agent and not of the class of agents who had the power to waive or modify the terms of the application, its provisions to the contrary notwithstanding. In the case at bar the policy expressly provided that no one was authorized to make a change in the policy except the manager of the farm department

in the Chicago office. Furthermore, Marr was notified at least 16 days before the expiration of the 60 day period that the staff adjuster was handling his case; that the Company intended to rely upon the provisions of the policy; and that no one was authorized to make any change in its terms other than an officer of the Company. Under the circumstances we fail to see how Marr is in any position to contend that there was a waiver of the proof of loss provision. The policy itself and all of the attending circumstances point to the contrary. This case is materially different from the case of Insurance Company of North America v. Sumner, 234 Ky. 340, 28 S. W. (2d) 14, which seems to be our nearest case in point. There was a proof of loss provision in the policy in that case, but there was no provision to the effect that a change in it could be made only by a designated officer of the company. The claim was referred to an employee of an adjustment company. The adjuster went to the premises and later made an investigation as to the title of the property. He then advised the insured that no one other than an officer of the company could waive any of the terms of the policy and that if she felt that she had a claim she should refer to her policy. The insured had already reported the loss to the local agent and when she took the adjuster's letter to him he advised her to do nothing until the adjuster came to see about the loss. An arrangement was made for the insured to meet the adjuster at the agent's office, but the adjuster did not show up. The testimony of the agent supported that of the insured. Shortly after the adjuster failed to keep his appointment, the insured employed an attorney who prepared a proof of loss which was submitted to the company within a few days after the 60 day period had expired. The adjuster rejected the proof of loss on rather technical grounds. The opinion sets out that, though the proof of loss was a few days late, it satisfied the conditions of the insurance contract; and also that the agent who was working in the interest of the insured was acting within the apparent scope of his authority and that the insured had no knowledge of any limitations thereon. Obviously, the Sumner case and the case at bar differ in several material respects.

It follows, therefore, that we are of the view that the trial court should have directed a verdict in favor of the Company.

Judgment reversed with directions to set it aside and for proceedings consistent with this opinion.

Whole Court sitting, except Judge Thomas.