## Western Automobile Casualty Co. v. Lee.

(Decided Dec. 6, 1932.)

WM. SAMPSON for appellant.
J. C. BAKER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Mrs. R. L. Lee was the owner of a Chrysler 70 sedan, which was insured by the Western Automobile Casualty Company against damage caused by accidental collision or upset. While driving her car, it collided with another car and was wrecked. In this action to recover on the policy, the jury returned a verdict in her favor for $1,100. The casualty company appeals.

The original petition alleged that "her said automobile was forced off of the road, and wrecked; that the said automobile was damaged in that the top was mashed, tires bursted, body bent, glass windshield and doors broken, the doors bent, and mashed, the engine broken, steering rods and radius rods bent, and axles bent, and twisted." During the progress of the trial the court permitted appellee to file an amended petition pleading in substance that the machine was injured to such an extent that it was impracticable to repair it, and that it had no value except for salvage purposes. On the filing of the amended petition, appellant asked for a continuance, which, it is claimed, was improperly refused. The allegations of the original petition were sufficient to show that the machine was practically out of commission. The amended petition did not change the cause of action. At most, it merely amplified the damage. There was no showing that appellant was taken by surprise and unable to meet the issue. On the contrary, it was present with witnesses who had examined the machine, and were prepared to testify, and did testify, to the extent of the damage, and expressed the opinion that the machine could be repaired. In the

circumstances, the refusal of the continuance was not prejudicial to appellant's substantial rights.

Another contention is that the court erred in refusing to fix the measure of damages as the cost of repairs and replacement, less depreciation, as provided by the policy. The court gave two instructions; one to the effect that, if it was not practicable to repair the car by replacing parts and repairing other parts not to be replaced, the measure of damages was the difference between the fair market value of the automobile immediately before and after the wreck; and the other to the effect that, if the automobile could be repaired, the measure of damages was the cost of placing the automobile back in as good condition as it was immediately before it was injured. Clearly, if the automobile could not be repaired and restored to its former condition, the measure of damages fixed by instruction No. 1, and not that fixed by the policy, was proper. Weil v. Hagan, 161 Ky. 292, 170 S. W. 618; Federal Ins. Co. v. Hiter, 164 Ky. 743, 176 S. W. 210, L. R. A. 1915E, 575. On the other hand, if it was practicable to restore the car to its former condition by repairing certain parts and replacing others, the measure of damages fixed in the second instruction was substantially the same as that fixed by the policy. In the circumstances, the given instructions covered the law of the case, and it was not error to refuse the offered instruction on the measure of damages.

Appellant also complains of the court's refusal to give offered instructions to the effect that, if appellee failed to give immediate notice in writing of the accident, or failed more than 60 days after the accident to furnish the company with a sworn statement of proof of loss, the jury should find for the company. In her petition, appellee pleaded facts showing a waiver of these provisions. On the hearing it was shown that D. H. Bingham, appellant's local agent, was advised of the accident the day it occurred. Three days later he came to see appellee, and was informed of all the facts concerning the accident. About a week after the accident occurred, appellant sent its adjuster, C. D. Richards, to Harlan. At that time he and Mr. Bingham, the local agent, took a written statement from appellee, which was signed and sworn to. Appellee was then confined to her home, and inquired of them about the insurance.

Mr. Bingham, in the presence of the adjuster, told her not to worry about it, as he would attend to everything for her. Thus it will be seen that both appellant's local agent, and its adjuster, not only received and acted on the oral notice, but that the local agent, in the presence of the adjuster, told appellee not to worry about the insurance, that he would attend to it for her. Clearly, any ordinarily prudent person in appellee's situation was justified in believing not only that the oral notice and written statement were sufficient, but that, unless notified by the company, nothing further would be required of her, which, under the repeated decisions of this court, operated as a waiver of the provisions in question. Continental Casualty Co. v. Linn, 226 Ky. 328, 10 S. W. (2d) 1079; Ætna Ins. Co. v. Weekley, 232 Ky. 548, 24 S. W. (2d) 292; Royal Exchange Assurance of London, England, Inc., v. Collins, 231 Ky. 31, 20 S. W. (2d) 1023. Not only so, but, unless the policy provides for forfeitures for failure to make proof of loss within 60 days, such failure is not available as a defense, if proof is furnished within a reasonable time. Yorkshire Ins. Co. v. Kirtley, 243 Ky. 162, 47 S. W. (2d) 922, 923. Here the policy did not provide for a forfeiture, and proof of loss was furnished on November 17, 1930, which was only 64 days after the accident, and there can be no doubt that this was within a reasonable time. As the foregoing facts were shown by uncontradicted evidence, the court did not err in deciding the questions as matters of law and refusing the offered instructions.

We deem it unnecessary to review at length the evidence as to whether the machine could be repaired, and as to the extent of the damage. In our opinion, it was sufficient not only to take the case to the jury, but to sustain the verdict.

Judgment affirmed.