## General Exchange Ins. Co. v. Williamson.

March 20, 1942.

106

William R. McCoy for appellant.

R. B. Harrington for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

In her petition appellee sought to recover $775, fire damage to her automobile insured by appellant. The jury awarded her this amount, less $363.25 paid by appellant to the Finance Company to which the conditional sales contract had been assigned. The deduction was directed by the Court, which entered judgment against appellant for the balance, $411.75. Claiming that the verdict was flagrantly excessive, and that the Court's instructions were erroneous, the Insurance Company has moved for an appeal which is granted.

That the appellee was not entitled to recover $411.75 is clearly demonstrable. She testified that the car's value at the time it was burned was $775, and that it was worth afterward $75 or $100. Her witness, Williamson, placed its value before the fire at $700 and its value after the fire at $100. Her two remaining witnesses fixed its value before the fire at $800 and $750 respectively, and at $75 and $100 afterward. The price of the car, including carrying charges, was $856.39; the fire occurred some four and one-half months after its purchase; and the damage inflicted consisted of the destruction of its windows, seats, upholstery, and finish, and some slight injury to its wiring. However, according to appellee's admission, "it ran alright," and she kept it in her possession and used it until it was re-possessed by the dealer from whom she had purchased it. It was sold, after due

advertisement, to the highest bidder for $150, and this amount, together with the $28.05 refund on account of the insurance premium, was credited by the Finance Company on appellee's then indebtedness of $541.30. Thus, the $363.25 balance paid by the Insurance Company to the Finance Company and deducted pursuant to the Court's instructions, was arrived at. Appellee's prior payments, including the initial payment of $247.75, aggregated only $315.11, which, added to $51.18, the amount of the insurance premium, made her total expenditures on account of the car $366.29, notwithstanding which, she was allowed to recover $411.75 and derive a cash profit from the transaction in addition to having had the use of the car.

Since appellee testified that immediately before the fire the value of the car was $775 and it sold thereafter for $150, for which appellee was given credit on her indebtedness to the Finance Company, the Court was patently in error, even assuming that the car could not have been satisfactorily repaired, in instructing the jury that if it found for the appellee, it should award her the difference in the market value of the car immediately before and immediately after the injury, not exceeding $775, from which was to be deducted the $363.25 paid by the Insurance Company to the Finance Company. On the contrary, since the car was not destroyed, the Court should have limited the recovery, as specified in the policy, to the reasonable cost of restoring the car to as good condition as it was in before the fire, less the credit to which appellant was entitled because of the aforesaid payment. Western Automobile Casualty Co. v. Lee, 246 Ky. 364, 365, 55 S. W. (2d) 1.

Several qualified witnesses testified, without contradiction, that the car could have been fully repaired and restored to its condition prior to the fire, for a total expenditure of $372.36, and under this testimony the appellee was entitled to recover $9.11.

Judgment reversed for a new trial.