## NIAGARA FIRE INS. CO. v. HUFFMAN.

Court of Appeals of Kentucky.
Dec. 19, 1952.

T. M. Galphin, Jr., Ogden, Galphin & Abell, Louisville, and Henry J. Scott, Pikeville, for appellant.

J. E. Sanders and P. H. Hyden, Pikeville, for appellee.

STEWART, Justice.

In his petition plaintiff, T. N. Huffman, Jr., sought to recover $2,595 from defendant, Niagara Fire Insurance Company, the value of his 1949 DeSoto 4-door sedan, which he alleged was destroyed by a collision. He sued for other items of damage which we do not need to consider. The jury returned a verdict for $1,950 in his favor, and defendant appeals from the judgment entered thereon.

The sole question raised on this appeal is the amount appellee was entitled to recover under his policy of insurance. Secondarily, it is contended the instruction we shall hereinafter discuss was prejudicially erroneous.

The limit of liability set forth in the policy provided:

"The limit of the Company's liability for loss shall not exceed the actual cash value of the automobile, or if the loss is of a part thereof the actual cash value of such part, at time of loss nor what it would then cost to repair or replace the automobile or such part thereof with other of like kind and quality, with deduction for depreciation, nor the applicable limit of liability stated in the declarations."

Appellee pitched his action upon the theory that the loss was "total", and that the measure of his recovery was the difference between the fair market value of his car immediately before and after the collision. Appellant maintains that the loss was only "partial" and that the measure of appellee's recovery was the cost of repairing and restoring the car to its condition before the collision.

An examination of the evidence shows conclusively appellee did not prove

that the damage done to his car resulted in its complete destruction. The accident occurred on November 26, 1946, while appellee was operating his car on a street in Portsmouth, Virginia, at which time a truck ran into him and did considerable damage to his automobile. Following the collision, the car was taken to the McCready Motors in that city. Taylor C. Braedner, the service manager of McCready Motors, who gave his deposition in behalf of appellant, testified he directed the making of a detailed examination of the wrecked car and he estimated the cost of all new parts and labor necessary to fully repair the damage would be $957.14. Braedner also testified that the estimate constituted an offer that McCready Motors would guarantee to restore the car to "as good operating condition as it was before the accident." Braedner further stated Huffman "would have to be satisfied with it (the car when repaired) or he would not have had to accept it."

Appellee's testimony was substantially to the effect that the collision "smashed the car completely" and after the accident it was nothing but "junk". So far as particular items of damage are concerned, appellee testified the frame was bent, the glass, bumpers and fenders were smashed, the cowl was damaged, the radio was put out of commission as far as he knew and would not play, the upholstery was torn, the body was twisted and the doors would not close. At no time did he detail the extent or the amount of the damage to any part of the car. He stated it was his opinion that no wrecked car can ever be restored to its former condition. He introduced two witnesses besides himself, each of whom said he had been trained as an automobile body repair man, and both testified, over appellant's objection, that they had heard appellee's description of the damage to his car and were of the opinion that it could not be repaired. Braedner was the only qualified mechanic who examined appellee's car after the collision and who adduced evidence of a detailed nature as to the character and extent of the damage done to it.

■ It was incumbent upon appellee to show by specific facts, and not by gener-

alizations of a purely descriptive nature, that the car was a total loss as a result of the collision. Appellee's proof, as a whole, merely set forth sweeping statements as to the physical damage done to the automobile, and obviously this type of evidence could be of no probative value in establishing the fact that the car was not reparable. The hypothetical conclusions of the two witnesses were predicated upon appellee's testimony as to damages. If the latter's evidence was not sufficient to sustain his claim of total loss, since the proof did not adequately set forth the character of damage, it is clear that a hypothetical opinion based solely on appellee's testimony would be insufficient for the same purpose. This case boils down to the fact that the only competent evidence of the extent, nature and amount of the damage to the car was the testimony of Braedner, who, as we have shown, produced a detailed statement as to the damage and said the car could be repaired to as good condition as it was before the wreck for $957.14.

■■ Since the car was not destroyed, the court should have limited the recovery, as specified in the policy, to the reasonable cost of restoring it to as good condition as it was before the collision. General Exchange Insurance Co. v. Williamson, 290 Ky. 105, 160 S.W.2d 346. In Western Automobile Casualty Co. v. Lee, 246 Ky. 364, 55 S.W.2d 1, 2, the plaintiff sued on a policy substantially the same as that involved in this case for collision damage to her car, alleging that the damage was so extensive it was impracticable to repair the car and that the car had no value except as salvage. The lower court gave two instructions: First, that if it was not practicable to repair the car, the measure of damages was the difference between the fair market value before and after the collision; and second, that if the car could be repaired, the measure of damages was the cost of placing the car in as good condition as it was immediately before the collision. This Court, in affirming a judgment for the plaintiff, approved both instructions, stating that they "covered the law of the case".

In the case at bar, appellant offered an instruction substantially similar to the second

one given in the Lee case, which the court refused to give and, instead, submitted a single instruction on the theory that the car was a total loss and employed language along the line of the first instruction given in the Lee case. The uncontradicted evidence discloses that the car could have been satisfactorily repaired, and the court committed a reversible error in instructing the jury in the manner we have indicated. Upon a retrial of this case, if the evidence be substantially the same, the court will instruct the jury that appellee's measure of recovery will be the cost of repairing and restoring the car to its condition before the collision.

Wherefore, the judgment is reversed with directions that the judgment be set aside and for further proceedings consistent with this opinion.