## MUTUAL FIRE INS. AGENCY OF LOUIS-VILLE, Inc.

### v.

## SLATER & GILROY, Inc.

Court of Appeals of Kentucky.

March 5, 1954.

. Woodward, Hobson & Fulton, Louisville, for appellant.

Mapother & Morgan, Louisville, for appellee.

COMBS, Justice.

The appellee recovered judgment in the amount of $2,237.20 on a fire insurance policy issued by the appellant. The property damaged by the fire was a furnace and appurtenant parts. When discovered, the fire had escaped from the furnace and covered the entire furnace pit.

The question is whether the damage was caused by a friendly fire or a hostile fire, or by a combination of both. Generally speaking, a fire that burns in a place where it is intended to burn to accomplish an intended purpose is a friendly fire. When a fire breaks out from where it was intended to be it is a hostile fire. Under the ordinary insurance policy, such as the one held by appellee, the insurer is not responsible for damages caused by a friendly fire. New Hampshire Fire Insurance Co. v. Rupard, 187 Ky. 671, 220 S.W. 538; American Towing Co. of Baltimore v. German Fire Insurance Co., 74 Md. 25, 21 A. 553.

There is evidence from which a jury might have found that part of appellee's damage was caused by a friendly fire, within the definition stated above, and that part of the damage was caused after the fire escaped from the furnace and became a hostile fire. As we construe the court's instructions, the jury was required either to find for the defendant or to find for the plaintiff for the full amount of its claim. This was error. An instruction should have been given which would have permitted the jury to find for plaintiff only that part of its damage which was caused by the fire after it became hostile. See, Progress Laundry & Cleaning Co. v. Reciprocal Exchange, Tex.Civ.App., 109 S.W.2d 226.

On another trial, the instruction on the measure of damages should follow that suggested in Great American Insurance Co. v. Crume, 266 Ky. 729, 99 S.W.2d 742.

The interest charges paid by appellee on the loan which was secured to repair the damaged property is not a proper item of damage and this item should be omitted from the instructions.

The judgment is reversed for further proceedings consistent with this opinion.