**CALVERT FIRE INSURANCE COMPANY, Appellant,**

v.

**Delmer BLEVINS, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1959.

Sanders & Redwine, Pikeville, Combs & Combs, Prestonsburg, for appellant.

Hollie Conley, Prestonsburg, for appellee.

SANDIDGE, Judge.

This appeal is from a judgment for $2,700 on an insurance policy issued by appellant to appellee covering damage to his Dodge station wagon caused by collision or upset.

The limit of liability clause of the policy provided that in the event the automobile was damaged by collision or upset the insurance company would pay

either (1) the actual cash value of the automobile or (2) the cost to "repair or replace" it. The latter has been construed to mean to repair or replace the car in as good condition as it was immediately before the collision. Niagara Fire Ins. Co. v. Huffman, Ky., 253 S.W.2d 617; Western Automobile Casualty Co. v. Lee, 246 Ky. 364, 55 S.W.2d 1. Under the policy appellant had the option or election of either paying the fair cash value of the automobile immediately before the collision or of repairing and restoring it to the condition it was in at that time. Appellant could elect, even if there was only one bolt or nut remaining on the car after a collision, to rebuild a new car around same. Its obligation in that event was to repair or rebuild the automobile to as good condition as it was immediately prior to the collision. Such was the extent of the appellant's liability under the policy, but this case was practiced and tried on a different theory.

█ It was alleged in the complaint that the automobile was a total wreck, that the loss was caused by appellee's son driving the automobile over a hill and causing it "to be wrecked in such condition as to make it impossible to repair same," and that appellant had attempted to have same repaired but the vehicle in its repaired condition was unacceptable to appellee. These allegations were denied in appellant's answer. The relief sought was a judgment for $4,500, apparently on the idea that was the cash value of the car immediately prior to the wreck, and the additional sum of $138.50, as a refund on the insurance premium. In view of the terms of the policy the allegations of the complaint failed to state a claim upon which the relief sought could be granted.

Nevertheless, the action was tried before the court without a jury.

The court specifically found the following facts: (1) appellant delayed an unreasonable time in proceeding to repair the station wagon; (2) the value of the automobile was approximately $3,000 at the time of the accident, and it was damaged to such an extent repairs should never have been attempted; (3) appellee had discussed with appellant the necessity of a motor vehicle and had advised that he would only accept same in the event he was satisfied with the repairs, he was not satisfied therewith, and refused to accept the car as repaired; and (4) appellee was entitled to a refund of the unused portion of the insurance premium. The court concluded as a matter of law that appellee was entitled to recover the value of his automobile at the time of the accident, and the judgment for $2,700 was entered.

█ The first finding of fact was immaterial, since there was no allegation as to any delay in repairing the automobile. The second finding of fact is also immaterial, since appellant had a right to repair or restore the car, regardless of its condition. It elected to repair it, so the material question in connection with its liability is whether it repaired or had restored same to as good a condition as it was in immediately prior to the collision. There was no finding of fact as to whether there was compliance with the latter requirement. The third finding of fact is obviously immaterial under the terms of the policy. Nothing was adjudged on the fourth finding.

█ Even though no issue was raised by the pleadings as to whether the automobile had been repaired to as good condition as it was in immediately prior to the accident, it possibly could be said that this issue was nevertheless tried by consent of the parties, and that the provision of CR 15.02 is applicable; but, even in that event, the lower court made no finding of fact on such issue. In the absence of a finding of fact thereon it is impossible for us to determine whether the appellant is liable under the policy. As an appellate court we cannot try the question de novo.

The judgment is reversed and this cause is remanded for further proceedings in conformity herewith.