UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,

v.

Loy D. FYFFE, Appellee.

Court of Appeals of Kentucky.

Sept. 24, 1971.

**24**

——◆——

J. K. Wells, Wells & Wells, Paintsville, for appellant.

Gene Wilson, Louisa, for appellee.

STEPHEN P. WHITE, Jr., Special Commissioner.

The appellee, on October 1, 1966, purchased a new automobile. Simultaneously, the appellant issued to appellee its standard form $100 deductible collision policy. Less than one month later the appellee wrecked the car and in the trial court and on this appeal the parties have tacitly treated the loss as being total. On the day following the wreck appellee notified appellant's agent of the loss. However, the parties almost immediately fell into disagreement as to the amount due appellee under the collision coverage, and appellee never filed any formal proof of loss with appellant. The jury in the trial court returned a verdict in appellee's favor in the amount of $3,727.64 plus $551.15 interest which appellee had paid to a finance company in completing his obligations under a conditional sales contract made when he purchased the car.

■ Appellant takes the position that appellee's failure to file written proof of loss is fatal to his claim, and that the damages awarded by the jury are erroneous both as to the principal amount and as to the item of interest paid to the finance company.

It is familiar law, under repeated decisions of this court, that policy provisions requiring written proof of a collision loss may be waived. Western Automobile Cas-

ualty Company v. Lee, 246 Ky. 364, 55 S. W.2d 1 (1932).

Without detailing the evidence in the present case it is clear to us that appellant, through its agent, had full knowledge of the loss from the day after it occurred and that the facts and circumstances, as a matter of law, establish a waiver of written proof of loss.

■■ The parties are in agreement that the proper measure of damages in total loss collision cases is the fair market value of the car immediately before the wreck. Western Automobile Casualty Company v. Lee, supra; Stanley's Instructions to Juries, Section 321a. The trial court's Instruction No. 1 clearly stated the measure of damages, but the record contains no competent evidence to support the figure of $3,727.64 as being the value of the car immediately before the wreck. The only competent evidence in the record limits the before value to $3,055.00, and the trial judge's Instruction No. 1 was erroneous in allowing the jury to return a higher amount in its verdict. Furthermore, Instruction No. 2, in allowing the recovery of $551.15 of interest paid by the appellee in completing payments to a finance company under his original conditional sales contract, was tantamount to allowing recovery of consequential damages and was, therefore, erroneous, under General Accident Fire and Life Assurance Corporation v. Judd (1966) Ky., 400 S.W.2d 685. In this connection we also quote from 37 A.L.R.2d 537:

"The damage which a party ought to receive in respect to such breach of contract may be said to be such as may fairly and reasonably be considered either as arising naturally—that is, according to the usual course of things—from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of a breach of it."

Appellant filed a motion for judgment notwithstanding the verdict in compliance with CR 50.02. We, therefore, reverse the judgment of the lower court and direct the entry of judgment in favor of appellee in the amount of $3,055.00 plus interest at 6% per annum from January 1, 1967, until paid, and the costs of this action.

All concur.