[Civ. No. 37285. First Dist., Div. Three. Mar. 16, 1976.]

SCOTT BERGREN et al., Plaintiffs and Appellants, v.
PREMIER INSURANCE COMPANY,
Defendant and Appellant.

274

**COUNSEL**

Charles E. Glasser, Hineser, Spellberg & Glasser and Hineser, Glasser & Dodds for Plaintiffs and Appellants.

Capps, 'Bishop, Marraccini & Ducey and Harry L. Ducey for Defendants and Appellants.

**OPINION**

**DRAPER, P. J.**—Plaintiffs' assignor commenced construction of a 30-unit condominium at Lake Tahoe, and secured a standard fire insurance policy from defendant. During construction, a fire damaged the building. Defendant insurer paid plaintiffs the actual cost of physical

repair needed to restore the building to its condition at the time of the fire. The owners, however, had borrowed money to finance the original construction. They claimed that their insurance coverage extended to the amount of interest accrued upon the construction loans during the period required for repair.

The policy provides that insurer "does insure the named insured . . . to the extent of the actual cash value of the property at the time of the loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality, . . . without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured, against all Loss By Fire . . . ." A separate provision reads: "This policy insures against all risks of direct physical loss to . . . Building[s] . . . ."

The fire caused less than total loss to the building under construction. Defendant insurer paid plaintiffs the cost of materials and labor in restoring the construction job to its condition immediately before the fire. ■ It refused to pay any interest accrued upon the construction loans during the period of repair. Plaintiffs sought such interest in this action, and the trial court awarded them some $15,000 to cover that item. Defendants appeal.

Counsel cite no direct authority. We find no California cases and little elsewhere upon this point. Respondents rely heavily upon a decision (*Geddes & Smith, Inc.* v. *St. Paul Mercury Indem. Co.,* 63 Cal.2d 602 [47 Cal.Rptr. 564, 407 P.2d 868]). But that decision concerns a different form of policy covering a risk wholly distinct from that here in issue, and we cannot find it helpful upon the question before us.

No extrinsic evidence was introduced at trial to aid in the construction of the policy before us. Hence, only a question of law is presented here, and we are free to make independent determination of the policy's meaning as deduced from pertinent provisions on its face. (*Argonaut Ins. Co.* v. *Transport Indem. Co.,* 6 Cal.3d 496, 502 [99 Cal.Rptr. 617, 492 P.2d 673].)

We are unable to find construction loan interest to be an element of the "actual cash value of the property at the time of the loss." Respondents point to a decision holding that "actual cash value" as used in the Insurance Code (§ 2071, establishing standard fire insurance policy form) is synonymous with "fair market value." (*Jefferson Ins. Co.* v.

*Superior Court,* 3 Cal.3d 398, 402 [90 Cal.Rptr. 608, 475 P.2d 880].) They argue that "fair market value" is somehow equal to their overall costs of construction. But *Jefferson* itself points out that " '[t]he loss payable on an insurance policy is not the cost of the [property] to plaintiffs but its fair market value just prior to its destruction.' " (*Id.*) Even in a new building, the developer's ability to recoup his costs on the open market [market value] turns in part upon the frugality and prudence of his planning. Not all developers need borrow to build, and those who borrow do so at widely varying rates of interest. Since cost is not a synonym for market value, respondents' argument here fails. The policy itself fixes the maximum coverage at "cost to repair with material of like kind and quality," thus emphasizing the cost of physical materials, rather than such intangibles as interest. Moreover, the second insuring agreement quoted earlier in this opinion limits recovery to "direct physical loss to . . . [b]uildings." The payment of interest on construction loans is but consequential, and not a direct physical loss to the building.

What authority is available sustains our view. One month after purchasing a new car financed by conditional sales contract, the car was a total loss in a collision. The owner sued upon his collision policy, and recovered interest paid upon the conditional sales contract. The trial court judgment was reversed and the judgment for interest vacated. (*United States Fidelity and Guaranty Co.* v. *Fyffe* (Ky.) 471 S.W.2d 23.) The same court has held that interest on a loan secured by the owner to repair fire damage is not a proper item of recovery upon a fire insurance policy. (*Mutual Fire Ins. Agency* v. *Slater & Gilroy, Inc.* (Ky.) 265 S.W.2d 788.) Two texts state the like rule, citing Kentucky cases. (15 Couch, Cyclopedia of Insurance Law (2d ed.) § 54:181, p. 427; 6 Appleman, Insurance Law and Practice, § 3891, p. 408.)

■ Plaintiffs also sought some $3,600 as attorney's fees and "general administrative expenses" allegedly incurred "in negotiating the settlement" with defendant. The trial court denied recovery of those items. Plaintiffs, by cross-appeal, attack this denial. Neither the insurance contract nor any statute provides for recovery of attorney's fees. Hence the trial court properly denied such fees here. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 116, p. 3267.) Cross-appellants cite no authority for recovery of "general administrative expense" and argue only that in some undefined way it is, like their claim for interest, a part of the "actual cash value" of the damaged property and "direct physical loss." We simply cannot agree.

The judgment is reversed insofar as it allows interest upon the construction loans to plaintiffs, and is affirmed insofar as it denies them attorney's fees and administrative expenses. Costs are awarded to appellant company.

Brown (H. C.), J., and Devine, J.,* concurred.

The petition of the plaintiffs and appellants for a hearing by the Supreme Court was denied May 14, 1976.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.