**Mary Jo HORNBACK, Appellant,**

v.

**Robert L. HORNBACK and Federal Kemper Insurance Company, Appellees.**

Court of Appeals of Kentucky.

April 6, 1984.

James T. Kelley, Elizabethtown, for appellant.

Armer H. Mahan, Jr., Louisville, for appellee, Federal Kemper.

Before HOWERTON, MILLER and WHITE, JJ.

HOWERTON, Judge.

Mary Jo Hornback appeals from an order of the Hardin Circuit Court dismissing her cross-claim against Federal Kemper Insurance Company. This action was initiated by First Federal Savings & Loan Association of Elizabethtown, Kentucky. It was the mortgagee on a home owned by Robert and Mary Jo Hornback. The property was insured by Federal Kemper. The home was destroyed by fire on July 24, 1981. Federal Kemper paid First Federal the balance due on the note and mortgage in the amount of $9,082.15 and took an assignment of the mortgagee's interest. Mary Jo Hornback filed a cross-claim against Federal Kemper seeking $30,000 for the loss of her residence and $15,000 for the loss of its contents. These amounts were the limits of her policy.

Hornback had never filed a proof of loss with the insurance company, and Federal Kemper moved to dismiss her claim. The court concluded that a proof of loss was a required condition precedent to filing a claim against the insurance company in court. The court also concluded that Federal Kemper had not waived the requirement by its actions. The court ordered, "[s]ince Mary Jo Hornback did not comply with the condition of the policy by filing a proof of loss, her Crossclaim against Federal Kemper is premature and is therefore DISMISSED without prejudice."

◼︎ We first considered dismissing this appeal because the order did not appear to be final and appealable. After careful consideration, we concluded that the dismissal of the cross-claim ended all activity in this lawsuit and that it was therefore final. Whether Mary Jo Hornback may refile her case without prejudice and proceed to any satisfactory conclusion remains to be seen. It is quite clear that Federal Kemper will resist any claim on any one of several grounds.

The evidence indicates that Mary Jo Hornback and her husband, Robert, had a domestic dispute after which Robert allegedly set fire to the house on or about July 24, 1981. Mary Jo immediately notified the insurance agent, and the fire was investigated by an adjuster for Federal Kemper on July 27. The adjuster took a lengthy statement from Mary Jo concerning the circumstances surrounding the fire. The information provided no estimate of the total loss of either the real or personal property. The investigation also revealed that much of the personal property was destroyed by breakage and cutting prior to the fire.

On October 19, 1981, a "proof of loss" form and inventory sheets were mailed to Mary Jo. The forms were never returned to the company, but the proof of loss was signed and submitted to the court on March 11, 1983, as an exhibit with a memorandum of law prepared by Mary Jo's counsel. The inventory sheets were not filed with the form.

Mary Jo Hornback now argues that the trial court erred in dismissing her cross-claim because the insurance company waived any defense it may have had against her failure to file a proof of loss. She argues that the company waived its defenses by (1) investigating the fire, (2) denying liability, and (3) accepting an assignment of the mortgage from First Federal Savings & Loan Association.

■ We find no merit in the arguments that the company waived its defenses by denying liability and by accepting an assignment of the mortgage which it paid. The only time the company denied liability was in its answer to the complaint of First Federal Savings & Loan Association. This it had to do. It denied liability for failure to file a proof of loss and because of the alleged arson. Mary Jo cites *Hartford Fire Insurance Co. v. Moore*, Ky., 412 S.W.2d 860 (1967) as authority for the proposition that payment by an insurance company to a mortgage holder under a loss payable clause constitutes a waiver of the requirement for filing a proof of loss. The *Moore* case is distinguishable from this situation on its facts, the policy provisions, and the legal proceedings. Furthermore, the case was decided prior to the adoption of KRS 304.14–280(4) which specifically provides that making a partial payment shall not of itself constitute a waiver of any provision of the policy or defense of the insurer.

■ The three issues were addressed by the trial court, and Judge Coyle wrote an excellent opinion disposing of each of them. We hereafter quote from his opinion entered May 18, 1983, as it addresses the issue of whether the actions by Kemper in investigating the fire constituted a waiver of the requirement of a proof of loss.

The remaining issue of whether or not the investigation of the fire by an agent for Federal·Kemper constitutes a waiver of the proof of loss is a more troublesome issue. Kentucky case law and Kentucky statutory law appear to be in direct conflict.

Mary Jo has cited two cases which hold that an investigation by an insurance company or its adjuster constitutes a waiver of the necessity to file a proof of loss. In the case of *United States Fidelity and Guaranty Company v. Fyffe*, Ky., 471 S.W.2d 23 (1971), the court said:

"Without detailing the evidence in the present case, it is clear to us that appellant, through its agent, had full knowledge of the loss from the day

after it occurred and the facts and circumstances, as a matter of law, establish a waiver of written proof of loss."

In a later case of *Aetna Insurance Company v. Solomon*, Ky., 511 S.W.2d 205 (1974), the Court of Appeals said as follows:

"... without detailing all the evidence concerning the investigation, it is clear to us that Aetna, through its agent Tignor, had full knowledge of the loss from the day after it occurred and the facts and circumstances, as a matter of law, establish a waiver of proof of loss. (*Western Automobile Casualty Company v. Lee*, 246 Ky. 364, 55 S.W.2d 1 (1932))."

On the other hand, Federal Kemper cites to the Court KRS 304.14–280 which provides as follows:

"*Claims administration not waiver.* —Without limitation of any right or defense of an insurer otherwise, none of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder:

.     .     .     .     .

(3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim.

This statute was enacted in 1970 by the Kentucky Legislature and was in effect not only when both of the above cases were decided, but was in effect when the fire loss occurred in the *Solomon* case. It is also interesting to note that the Court of Appeals did not mention the statute in either opinion. This Court suspects that the Court of Appeals may not have been aware of the statutory provision; however, this Court must assume that the Court of Appeals is aware of and cognizant of all of the Kentucky Revised Statutes. Therefore, the issue is whether or not the case law and the statute can be reconciled, and this Court believes that they can.

We need to examine why an insurance company needs a proof of loss to process a claim and whether or not the information received by Federal Kemper through GAB constitutes a sufficient substitute. There is a difference between a notice of loss and a proof of loss. Obviously, an insurance company must be made aware of the loss as they were in this case. There is no dispute regarding notice. A proof of loss is necessary in addition to notice to provide the insurance company with some reasonable basis to pay the claim, or at least negotiate settlement of the claim. Fire insurance is not life insurance, and the insured is not entitled to the full policy limits just because there is a fire. In a partial loss, there is the issue of cost of repairs; and in a total loss there is the issue of fair market value or replacement cost. Every case will vary as to the amount payable under a fire insurance policy, even though the policy limits may be identical.

A proof of loss gives the insurance company some basis to settle a claim. An insured surely has some duty to let the insurance company know what his loss is and how much he is claiming under the policy. If an investigation reveals to the insurance company or its adjuster all or substantially all of the information that would be included on a proof of loss, then this Court is of the opinion that the need for a proof of loss is obviated. That may not mean the same as a waiver, but this Court would certainly have difficulty ruling that the insured failed to comply with the condition of filing a proof of loss if the insurance company already had all the information it needed.

■ We note at this point that some actions by an insurer, or its agents, may estop it from requiring the filing of a proof of loss form or from using certain defenses. Estoppel is not an issue in this case, however.

This Court has read the statement given by Mary Jo Hornback to the adjuster, and it provides Federal Kemper with very little information to process the claim. The statement by Mary Jo goes into great detail as to how the fire was started, and there is information concerning who has an interest in the property and who holds the mortgage on it. However, there is basically no information in the statement that would assist Federal Kemper in assessing the damages to the real estate or to the personalty. The only mention of dollars involves the original purchase price of the realty.

Nowhere does the statement give the adjuster the owner's opinion of the fair market value of the dwelling or an estimated cost of repairs. Federal Kemper knows from the statement that the house and land cost $15,000 when purchased four to five years earlier and that the house is about sixty years old. The statement does not reveal whether the house was totally destroyed or partially destroyed; however, the adjuster could probably have determined that question by a mere observation.

The statement reveals that following the fire, Mary Jo went into the house and found that her husband's clothes were missing from his drawers and that his closet was empty. She also stated that her china, dishes, bottle collection, pictures, home interiors, pillows, etc., had been broken or slashed with a sharp object. This would indicate to the Court that the realty was only partially damaged and that some of the personalty therein was destroyed but not by the fire.

She also stated that she had not been back in the house other than that one time since the fire and did not know the extent of the damage. Finally, she told the adjuster that with few exceptions she had bought all new furniture when she and Robert first married. In any event, there is no information as to whether or not these contents were damaged or destroyed in the fire, and if so, their fair market value.

The information received by the adjuster does not substantially comply with the information required on the proof of loss and inventory sheets. There is little de-

scription of the damaged property, and there is no value placed on any of it; and there is no information regarding other insurance. The only significant information known is the time and cause of the fire, the owners and the mortgagee.

Therefore, this Court is of the opinion that Mary Jo Hornback did not comply with the condition of the policy requiring a proof of loss prior to her filing a claim against the insurance company in court. This Court is also of the opinion that Federal Kemper has not waived the requirement of her filing a proof of loss. This Court simply cannot construe her statement to the adjuster to be a substitute proof of loss and does not constitute a waiver. The adjuster had full notice of the loss and the circumstances surrounding the loss, but he certainly did not have sufficient knowledge or information to pay or attempt to negotiate a settlement of the claim on a logical basis.

For the foregoing reasons, the order of the Hardin Circuit Court dismissing the cross-claim of Mary Jo Hornback is affirmed.

All concur.