SAM A. TISCI, INC., D.B.A. BRANDYWINE COUNTRY CLUB ESTATE CONDOMINIUM OWNERS ASSOCIATION, APPELLANT AND CROSS-APPELLEE, *v.* STATE FARM FIRE AND CASUALTY COMPANY, APPELLEE AND CROSS-APPELLANT, ET AL.

(No. L-87-223 — Decided
May 20, 1988.)

*Andrew Ayers,* for appellant.
*Glenn Wasielewski,* for appellee.

*Per Curiam.* This cause is before this court from a judgment rendered by the Lucas County Court of Common Pleas.

Appellant filed a timely notice of appeal and asserts the following as its assignment of error:

"[1.] The trial court erred in not including the cost of replacement insurance and the cost of security for the construction site in the full replacement cost of Tisci's burned building.

"[2.] The trial court erred in not awarding plaintiff the full amount of construction interest incurred in reconstruction of the burned building."

Appellee filed a timely notice of cross-appeal and asserted the following as its sole assignment of error:

"The trial court erred in awarding plaintiff $2,354.04 for construction interest."

Appellant, Sam A. Tisci, Inc., is the owner and builder of a condominium structure located in Maumee, Ohio, that was partially destroyed by fire before completion on October 30, 1985. Appellant was insured under a builder's risk policy obtained through State Farm Fire & Casualty Company ("State Farm"), appellee. The policy was in full force and effect at the time of the fire.

The insurance policy issued by appellee set forth a $380,000 liability limit and a $500 deductible. The policy provided that the insured was entitled to "replacement cost" and stated, in pertinent part:

"3. Replacement Cost.

"a. Loss shall be adjusted on the basis of the replacement cost value of the property insured hereunder, but the limit of liability of the Company shall not exceed the least of:

"(1) the full cost of replacement of such property at the same site with new material of like kind and quality, without deduction for depreciation;

"(2) the cost of repairing the insured property within reasonable time;

"(3) the limit of liability under this policy applicable to such property at the time of loss; or

"(4) the amount actually and necessarily expended in repairing or replacing insured property or any part thereof.

"b. The Company shall not be liable for payment of loss on a replacement cost basis unless and until actual repair or replacement is completed."

Appellant submitted a bid for reconstructing the building in the amount of $277,636.45. Said bid included costs of providing security and floodlights for protection, construction interest, and the costs of procuring additional insurance coverage at an increased premium due to subsequent cancellation by State Farm. Appellee submitted payments to appellant totalling $240,485.98 which took the deductible into account. Appellee disputed coverage pertaining to the security and floodlight costs incurred after the State Farm policy was cancelled, construction interest, and the costs of procuring additional insurance.[1]

_____

[1] Appellee did reimburse appellant for the costs of securing the property prior to cancellation of the policy.

The case was submitted to the trial court for a determination on the merits upon the pleadings, briefs, stipulations, deposition testimony, and affidavits.

The trial court concluded that the amount tendered by appellee constituted payment in full for all actual construction costs. The trial court awarded appellant construction interest in the amount of $2,354.04, representing the amount of interest appellant paid to First Federal Savings & Loan from the date the condominium structure should have been completed (January 1, 1986), until the date appellee tendered its final payment (February 21, 1986).

Appellant urges in its second assignment of error that the trial court erred in awarding interest only from the time the construction should have been completed until the time of appellee's last payment. Rather, appellant contends that appellee should reimburse appellant for any additional interest expense incurred as a result of the fire due to a delay in completion of the building. Appellee argues that the trial court should not have awarded appellant interest at all based upon the plain meaning of the language in the insurance policy.

Initially, it should be noted that, prior to submission of the case to the trial court, appellant represented in a trial brief that it was only seeking reimbursement for interest through the end of 1985. Nevertheless, we conclude that appellant is not entitled to reimbursement for interest expense pursuant to the terms of the policy.

It has been stated that "* * * [o]n general principles of contract law, the interest paid to a third person is not a recoverable item of damage sustained by the insured. * * *" 15 Couch, Cyclopedia of Insurance Law (2 Ed. 1983) 568, Section 54:183. *Hochman* v. *American Family Ins. Co.* (1984), 9 Kan. App. 2d 151, 673 P. 2d 1200, involved a replacement cost policy on a $30,000 combine. The combine caught fire but the fire was extinguished before there was a total loss. The insurance company offered to settle for almost $6,000 less than it cost to repair the combine and would pay nothing unless the insured signed a release from all further liability. This course of conduct forced the insured to borrow from a bank at a sixteen percent interest rate. The insured then sued the insurer for repair cost, interest, and attorney fees. The court held that the interest was recoverable as consequential damages since the insurer had breached the insurance contract, its conduct was wrongful, and the debt arose directly from the breach.

The case *sub judice* is distinguishable from *Hochman* v. *American Family Ins. Co., supra,* in that there is absolutely no evidence of bad faith or unfair dealing on the part of appellee. Therefore, interest incurred by appellant may not be recovered as consequential damages.

This case is also distinguishable from *Diamond Shamrock Corp.* v. *Lumbermens Mut. Cas. Co.* (C.A. 7, 1972), 466 F. 2d 722. In that case, the plaintiff was awarded interest expense on funds borrowed for short term loans due to a fire explosion. However, the policy issued to the plaintiff contained a business interruption and lost profits clause which "* * * included not only the loss of net profits, but also the 'fixed charges and expenses * * * which the business did not earn' because of the accident, including manufacturing, selling and business administrative expenses, and 'any other items contributing to the overhead expenses of the assured.' * * *" *Id.* at 729. The court concluded that interest expense was overhead and recoverable under the policy. The policy in the instant case does not con-

tain such language and, therefore, the rationale applied in *Diamond Shamrock* is inapplicable.

In *Bergren* v. *Premier Ins. Co.* (1976), 56 Cal. App. 3d 273, 128 Cal. Rptr. 452, an action was brought on a policy to recover interest accrued on construction loans during the period of repair following the fire that caused less than the total loss of the insured building. The fire policy provided for recovery to the extent of the actual cash value of the property at the time of loss not to exceed the amount it would cost to repair or replace. It was held that since the policy fixed the maximum coverage at the "* * * 'cost to repair with material of like kind and quality,' thus emphasizing the cost of physical materials, rather than such intangibles such as interest * * *[,]'" interest on the construction loans was not recoverable. *Id.* at 276, 128 Cal. Rptr. at 453. The insurance policy in the instant case contains similar language. The policy also states that losses sustained due to any delay or loss of market are not recoverable.

Based on the foregoing, we conclude that, absent policy language indicating otherwise or bad faith established on the part of the insurance company, interest paid to a third party is not recoverable as a cost of repairing or replacing property.

Accordingly, we find appellee's sole assignment of error well-taken and appellant's second assignment of error not well-taken.

In its first assignment of error, appellant argues that the insurance policy issued by appellee requires appellee to reimburse appellant for security expenses and the cost of replacement insurance. Generally, language in an insurance policy that is susceptible to more than one meaning must be construed most strongly in favor of the insured. *Hutchinson* v. *J.C. Penney Cas. Ins. Co.* (1985), 17 Ohio St. 3d 195, 195-197, 17 OBR 432, 432-434, 478 N.E. 2d 1000, 1001-1003, citing *Buckeye Union Ins. Co.* v. *Price* (1974), 39 Ohio St. 2d 95, 68 O.O. 2d 56, 313 N.E. 2d 844, and other cases. Reading the above-quoted policy language as a whole, we do not deem this language to be ambiguous. However, even if we were to construe the language in the policy most strongly in favor of appellant, we could not conclude that the policy was intended to cover extra costs and expenses incurred in obtaining replacement insurance nor those incurred in protecting against arson. Accordingly, we find appellant's first assignment of error not well-taken.

On consideration whereof, we find substantial justice has been done as to appellant but was not done as to appellee and, accordingly, the judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. Pursuant to App. R. 24, appellant is to pay court costs of this appeal.

*Judgment affirmed in part and reversed in part.*

RESNICK, P.J., CONNORS and GLASSER, JJ., concur.